[Civ. No. 39834. First Dist.. Div. Four. Dec. 14, 1977.]

STANCEL C. HOTT, Plaintiff, v.
SOUTHERN PACIFIC PIPE LINES, INC.,
Defendant and Respondent;
LIBERTY MUTUAL INSURANCE COMPANY,
Intervener and Appellant.

**COUNSEL**

Leonard & Thomas and Douglas R. Kinley for Intervener and Appellant.

Hoge, Fenton, Jones & Appel and William L. Whittaker for Defendant and Respondent.

**OPINION**

**CHRISTIAN, J.—** ■ Liberty Mutual Insurance Company, a worker's compensation insurer, intervened as a plaintiff in the case of Hott v. Southern Pacific Pipe Lines, Inc. (Super.Ct. No. 307838) which was then pending in the Superior Court of Santa Clara County. The case proceeded to trial and, after Liberty Mutual presented evidence, defendant moved for nonsuit. The court granted the motion and rendered judgment of nonsuit against Liberty Mutual on April 13, 1976. The judgment was filed with the clerk of the court on April 13, 1976. On April 16, 1976, the clerk mailed to the parties a notice that the judgment

had been "entered" on April 13, 1976. Liberty Mutual filed a notice of appeal from the judgment on June 21, 1976.

A provision of the California Rules of Court, rule 2(a), which is applicable to this case, states that a notice of appeal shall be filed "within 60 days *after the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5 of the Code of Civil Procedure, . . .*" Rule 2(b) provides that "[t]he date of entry of a judgment shall be the date of its entry in the judgment book *or, in a county following the procedure specified in Code of Civil Procedure Section 668.5 in lieu of maintaining a judgment book, the date of filing the judgment with the clerk pursuant to that section.*"[1]

Judgments of the Superior Court of Santa Clara County are microfilmed, prior to their placement in the case file, as contemplated in Code of Civil Procedure section 668.5. In the instant case, the judgment was filed with the clerk of the court on April 13, 1976, microfilmed on April 22, 1976, and placed in the case file on April 23, 1976. The filing of the judgment with the clerk on April 13, 1976, constituted the date of its entry. (Code Civ. Proc., § 668.5.) The clerk's notice of its entry on that date, mailed to the parties on April 16, 1976, therefore complied with Code of Civil Procedure section 664.5 and commenced the 60-day period prescribed in rule 2(a). The notice of appeal was filed on June 21, 1976, six days after the period had expired. The time for filing a notice of appeal is jurisdictional. (*Hollister Convalescent Hospital, Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].)

Appeal dismissed.

Caldecott, P. J., and Rattigan, J., concurred.

---

[1] Code of Civil Procedure section 668.5: "In those counties where the clerk of the superior court places individual judgments in the file of actions and a microfilm copy of the individual judgments is made prior to their placement in the file of actions the clerk shall not be required to enter judgments in a judgment book, and the date of filing the judgment with the clerk shall constitute the date of its entry."