[Civ. No. 30165. Fourth Dist., Div. Three. Oct. 21, 1983.]

PACIFIC CITY BANK, Plaintiff and Appellant, v.
LOS CABALLEROS RACQUET & SPORTS CLUB, LTD.,
Defendant and Respondent.

224

**COUNSEL**

Alberts & Minier and Robert W. Alberts for Plaintiff and Appellant.

Bryan, Cave, McPheeters & McRoberts, Dennis McAteer and Brent R. Ascough for Defendant and Respondent.

---

OPINION

SONENSHINE, J.—Pacific City Bank appeals denial of their petition for relief from forfeiture. (Code Civ. Proc., § 1179.)

In October 1978, Los Caballeros Racquet & Sports Club, Ltd. (Los Cab) as lessor and American National Volleyball Association (ANVA) as lessee entered into a written 20-year lease. All improvements became the property of Los Cab, subject only to the lease. No assignment could be made without prior written consent of Los Cab and no lien or claim was to attach to the premises.

In late 1979 and early 1980, Pacific loaned ANVA $190,000 and in March of 1980, Pacific recorded a deed of trust on ANVA's leasehold interest. No written consent was requested of or given by Los Cab.

In the fall of 1980 Pacific became aware of ANVA's financial difficulties. In an attempt to preserve its security interest in the leasehold, Pacific discussed the matter with Los Cab, offering to bring ANVA's delinquencies current. Los Cab invoiced Pacific for the amounts due and owing from ANVA. Although a check in that amount was drawn, Pacific then received notice of filing of a voluntary petition in bankruptcy (chapter 7) by ANVA on January 13, 1981, and did not remit the check to Los Cab. ANVA's lease was automatically rejected 60 days later pursuant to 11 United States Code section 365(d)(1). In May, Los Cab commenced adversary proceedings against ANVA and its trustee in the bankruptcy court. Judgment was rendered on June 4, giving Los Cab immediate possession of the property and improvements and terminating any interest of ANVA in the lease. Pacific was unaware of and not a party to the action.[1]

Pacific then sought relief in the bankruptcy court under Code of Civil Procedure section 1179. Pacific filed its petition in Orange County Superior Court after the bankruptcy court declined to hear the matter. Hearing was held January 4, 1982, and the court took the matter under submission. By minute order of January 14, the petition was denied, and the instant appeal

---

[1]Pacific did not request special notice of any proceedings or take any action prior to the automatic rejection date.

was filed March 21.[2] We denied a motion to dismiss the appeal without prejudice to the right to raise the issue in the briefs.

## TIMELINESS OF APPEAL

We address the following issues in determining commencement of Pacific's time to appeal:

1) Was the clerk's mailing of a copy of the judgment "pursuant to order of the court" (Code Civ. Proc., § 664.5) and was it in proper form, thus triggering the time period? Or, if ineffective,

2) Was Los Cab's filing notice of entry of final order and proof of service—effective within the context of the first or second sentence of California Rules of Court, rule 2(a)?

The relevant actions taken and respective dates are as follows:

January 4—Hearing on Pacific's petition for relief from forfeiture, taken under submission;

January 14—Court's order entered[3] in minutes;

January 14—Clerk mailed copy of minute order to parties and filed certificate of mailing;

February 8—Los Cab mailed and filed notice of entry of final order and proof of service;

March 21—Pacific filed appeal.

California Rules of Court, rule 2(a),[4] prescribes initiation of the time periods for filing an appeal. ■ Pacific, relying on the first sentence of

---

[2] As we determine the appeal untimely filed, we do not reach the substantive issues raised by the petition. However, it appears the trial court's action was correct. There were three occasions for Pacific to protect its interests: 1) At the time of the loan application by obtaining the landlord's consent; 2) at the time of its conference with Los Cab by bringing the lease current; and 3) after ANVA entered bankruptcy by offering to purchase the lease from the trustee or, at the least, requesting special notice should any action be taken on the lease.

[3] "The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes . . . ." (Cal. Rules of Court, rule 2(b)(2).)

[4] Rule 2(a), operative from January 1, 1982, to September 22, 1982: "Notice of appeal shall be filed within 60 days after the date of filing a proof of service of notice of entry of judgment pursuant to Code of Civil Procedure section 664.5. Except as specifically provided by that section or other provision of law, a notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of judgment, whichever is earliest. . . ."
On September 22, the first sentence was deleted.

rule 2(a), claims the time for appeal began on February 8, when Los Cab filed its proof of service. Pacific is wrong.

Rule 2(a) and Code of Civil Procedure section 664.5[5] provide the clerk's notice of a superior court judgment commences the period for appeal if pursuant to order of the court.[6] The transcript of the January 4 hearing indicates the court intended to provide notice to the parties: "The matter's submitted. I'll notify the parties within ten days."[7] We find this sufficient to constitute "order of the court" under section 664.5. Although there is no formal order to that effect, the only logical construction to be given to the judge's comment is he intended to provide notice and his clerk would perform that act.[8]

Los Cab's notice of entry of final order did not effectively commence the time period because the trial court had already entered its own order in the permanent minutes on January 14. The notice given by Los Cab could serve to begin the time for appeal only if there had been no prior notice by the

---

[5]Code of Civil Procedure, section 664.5, operative from January 1, 1982 to August 24, 1982:

"(a) In any contested action or special proceeding in a superior, municipal or justice court . . ., the party submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and shall file with the court the original notice of entry of judgment together with the proof of service by mail; provided, that the court may order the clerk to mail notice of entry of judgment in those cases where justice would be better served thereby.

"The time for appeal shall begin on the day the proof of service by mail is filed with the court . . .

"(b) Promptly upon entry of judgment in a contested action or special proceeding in a municipal or justice court, the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action or special proceeding and shall execute a certificate of such mailing and place it in the court's file in the cause.

"(c) For purposes of this section, 'judgment' includes any judgment, decree, or signed order from which an appeal lies.

"Upon order of the court in any action or special proceeding, the clerk shall mail notice of entry of any judgment or ruling, whether or not appealable."

On August 24, the words "municipal or justice" as well as the clause beginning "provided, that . . ." and the sentence following it, were deleted in subdivision (a).

[6]Section 664.5, subdivision (b) also requires mailing by the clerk in municipal and justice court actions.

[7]Blacks' Law Dictionary (5th ed. 1979) page 959, defines "notify": "Notify. To give notice to . . . ."

[8]Rule 204 (Cal. Rules of Court) places an affirmative duty on the clerk to notify the parties of the court's order, following a matter taken under submission, by mailing a copy of the order to the parties and "it shall constitute service of notice only if the clerk is required to give notice pursuant to Code of Civil Procedure section 664.5." Had the court merely taken the matter under submission, and absent the court's intent to provide notice, performance of the clerk's statutory duty under rule 204 would not "constitute service of notice."

clerk. (*Bunton* v. *Arizona Pacific Tanklines* (1983) 141 Cal.App.3d 210 [190 Cal.Rptr. 295].)

We next address the sufficiency of the form of the notice of entry of judgment given by the clerk. The first clause of section 664.5 requires *a party* submitting an order or judgment for entry "prepare and mail a copy of the notice of entry of judgment (and) file with the court the original notice . . . together with the proof of service by mail."

■ The second clause of section 664.5, subdivision (a) and subdivisions (b) and (c), however, govern the form of the notice of entry when done by the clerk. Those sections merely require *mailing* notice of entry. The only additional document placed in the court's file, in the case of municipal and justice courts, is the clerk's certificate of mailing. We find this language contemplates "notice of entry of judgment" by the clerk may be in a different form than that of a party submitting an order for entry. " 'Notice [of entry of judgment] must be in writing. [Citations.] But no particular form is required; "any notice in writing which will convey to a losing party that the judgment has been entered is sufficient in California." (*Bank of America* v. *Superior Court* (1931) 115 C.A. 454, 457 . . . .)' " (*Tri-County Elevator Co.* v. *Superior Court* (1982) 135 Cal.App.3d 271, 276 [185 Cal.Rptr. 208], quoting from 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 58, p. 3221.) In *Mossman* v. *Superior Court* (1972) 22 Cal.App.3d 706 [99 Cal.Rptr. 638], "Notice of Entry of Judgment" was promptly served on the attorney in accordance with the mandate of Code of Civil Procedure section 664.5. The court noted: "For the purpose of a contempt proceeding we observe no substantial distinction between service on counsel of 'Notice of Entry of Judgment' and service of a copy of the judgment." (*Id.*, at p. 712, fn. 4.)

In other words, where a final order is entered in the permanent minutes, constituting "entry" within rule 2(b)(2), notice of that entry, when ordered by the court pursuant to Code of Civil Procedure section 664.5, subdivisions (a) or (c), may be accomplished by the clerk mailing a copy of the minute order.[9]

Pacific was given written notice, in substance and effect, of entry of the judgment. The appeal time commenced on January 14; the appeal filed on

---

[9]Treatment of a municipal court judgment during the applicable time period buttresses this finding. If the prevailing party submitted an order for entry, the appeal period began upon filing of the proof of service of notice of entry. However, under Code of Civil Procedure section 664.5, subdivision (b) the clerk was still required to mail notice of entry, presumably not a duplication of the separate document prepared by the prevailing party.

March 21 was untimely. ■ Compliance with the time for filing the notice of appeal is mandatory and jurisdictional. (*Vibert* v. *Berger* (1966) 64 Cal.2d 65, 67 [48 Cal.Rptr. 886, 410 P.2d 390].) Pacific's appeal is dismissed.

Trotter, P. J., and Crosby, J., concurred.