[No. A035931. First Dist., Div. Two. Feb. 18, 1988.]

S M TRADING, INC., et al., Plaintiffs and Respondents, v. SHIGESATO KONO et al., Defendants and Appellants.

COUNSEL

David P. Bancroft, Cheryl G. Weisbard and Sideman & Bancroft for Defendants and Appellants.

Chinin Tana and David W. Raub for Plaintiffs and Respondents.

OPINION

**BENSON, J.**—Defendants Shigesato Kono and Koh Noh Shinjyu K.K. have filed a notice of appeal from a judgment entered against them and in favor of plaintiffs S M Trading, Inc. and Kimiaki Ogawa. Plaintiffs have moved to dismiss the appeal as untimely. We have granted the parties' stipulated application to adjudicate the motion to dismiss prior to reviewing the appeal on the merits. The issue presented is whether a file-endorsed copy of a judgment mailed by a courtroom clerk to the parties constitutes notice of entry of judgment to commence the running of the 60-day period within which to file a notice of appeal. We decide it does not under the circumstances of the case and deny the motion.

Plaintiffs sued defendants for conversion of pearls. After a court trial, the court issued a tentative decision awarding plaintiffs over $450,000 in compensatory and punitive damages. Defendants timely requested a statement of decision. Plaintiffs submitted a proposed statement to which defendants

objected. At the end of the hearing on the objections the court stated it wanted to review one thing "and I will then send out my statement of judgment and decision. . . . [¶] . . . Then the matter is deemed submitted, and I will have this out today, gentlemen."

The following actions and dates are relevant to our determination:

May 14 – Hearing on objections to proposed statement of decision, taken under submission;

May 15 – Judgment signed, filed and endorsed copy mailed to parties by courtroom clerk together with proof of service showing mailing on same date;

June 10 – "Notice of Entry of Judgment (664.5 CCP)" mailed to parties by substitute courtroom clerk showing judgment entered on May 15 "pursuant to CCP 668.5";

August 8 – Appeal filed. (Within 60 days of service of notice of entry of judgment but more than 60 days after mailing of file-endorsed copy of judgment to parties by courtroom clerk.)

Plaintiffs claim this appeal must be dismissed because defendants failed to file their notice of appeal within the time provided in California Rules of Court, rule 2(a)[1] which provides in pertinent part that "[N]otice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure . . . ."[2] Plaintiffs assert that the trial judge's statements quoted above constitute an order to the clerk to give notice of entry of

---

[1] All further references to rules are to the California Rules of Court.

[2] All further references to sections are to the Code of Civil Procedure.

Section 664.5 provides: "(a) In any contested action or special proceeding in a superior court, other than a proceeding for voidable marriage pursuant to the Family Law Act (Title 2 (commencing with Section 4400) or dissolution of marriage, legal separation and summary dissolution pursuant to Title 3 (commencing with Section 4500) of the Civil Code), the party submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and shall file with the court the original notice of entry of judgment together with the proof of service by mail.

"(b) Promptly upon entry of judgment in a contested action or special proceeding in a municipal or justice court, the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action or special proceeding and shall execute a certificate of such mailing and place it in the court's file in the cause.

"(c) For purposes of this section, 'judgment' includes any judgment, decree, or signed order from which an appeal lies.

"Upon order of the court in any action or special proceeding, the clerk shall mail notice of entry of any judgment or ruling, whether or not appealable."

judgment to the parties as provided in the last sentence of section 664.5 which provides: "Upon order of the court in any action or special proceeding, the clerk shall mail notice of entry of any judgment or ruling, whether or not appealable." Plaintiffs rely on the holding in *Pacific City Bank* v. *Los Caballeros Racquet & Sports Club, Ltd.* (1983) 148 Cal.App.3d 223, 227 [195 Cal.Rptr. 776], which they consider virtually factually identical to this action.

Defendants claim the clerk's mailing of the copy of the filed statement of decision and judgment on May 15 was not sufficient to start the running of the 60-day period within which to appeal because it did not give notice of entry of the judgment. They contend that mailing of a file-endorsed copy of a judgment is not notice that the judgment has been entered by following one of the procedures outlined in section 668.5,[3] the section applicable to this action since San Francisco County, where the trial occurred, is not a judgment book county.

Two recent opinions have dealt with the issue of whether statements by the trial judge made at the hearing constituted an order to the clerk to give notice under section 664.5. The two appellate courts reached opposite results.

In *Pacific City Bank,* the bank appealed from a denial of its petition for relief from forfeiture under section 1179. Hearing on the petition was held on January 4 and the matter was submitted. On January 14, the court's order was entered in the minutes, the clerk mailed a copy of the minute order to the parties and filed a certificate of mailing. The bank filed its appeal more than 60 days after the clerk mailed copies of the minute order. The Court of Appeal for the Fourth Appellate District dismissed the appeal as untimely.

During the hearing, the trial court stated: "The matter's submitted. I'll notify the parties within ten days." The appellate court found this statement was sufficient to constitute an "order of the court" under the last sentence of section 664.5. The court noted that absent an order of the court to give notice, the mailing by the clerk would constitute performance of the clerk's duty under rule 204 (now rule 309[4]). (*Pacific City Bank* v. *Los Caballeros*

---

[3] Section 668.5 provides: "In those counties where the clerk of the court places individual judgments in the file of actions and either a microfilm copy of the individual judgment is made, or the judgment is entered in the register of actions, or into the court's electronic data-processing system, prior to placement of the judgment in the file of actions, the clerk shall not be required to enter judgment in a judgment book, and the date of filing the judgment with the clerk shall constitute the date of its entry."

[4] Rule 309 provides in pertinent part: "When the court rules on a demurrer or motion or makes an order or renders a judgment in a matter it has taken under submission, the clerk

*Racquet & Sports Club, Ltd., supra,* 148 Cal.App.3d at pp. 226-227.) Plaintiffs assert that here the trial judge's statement that he will send out his judgment the same day is strikingly similar to the language used in *Pacific City Bank* and should be interpreted by this court to constitute an order to the clerk to give notice of entry of judgment.

In the second opinion, *In re Marriage of Kepley* (1987) 193 Cal.App.3d 946 [238 Cal.Rptr. 691], a former wife appealed from an order denying a request for an increase in child support payments. After hearing on the motion, the matter was submitted. The appeal was filed 114 days after the clerk sent to the parties copies of the order denying the request. The court held the appeal was timely as appellant had 180 days to file her appeal. At the hearing, the trial judge said "The matter is submitted. I will decide it pretty promptly." (*Id.* at p. 950.) The court held this statement of the trial court did not constitute an order to the clerk to give notice under section 664.5.

The court also relied on rule 309 and section 1019.5 which requires that a prevailing party must give notice of an order unless the court orders otherwise or notice is waived in open court as support for its position. *(In re Marriage of Kepley, supra,* 193 Cal.App.3d at pp. 950-951.) The court noted it could be inferred from the fact the court itself, rather than a party, had drafted the order at issue that the court intended to notify the parties. It rejected this inference, however, on the grounds that section 1003 defines "order" as directions made or entered in writing and no such writing appeared in the record.

Defendants rely on the holding in *National Advertising Co.* v. *City of Rohnert Park* (1984) 160 Cal.App.3d 614, 618 [206 Cal.Rptr. 696], that service of a copy of a judgment by a party is a sufficient notice of entry of judgment only when the judgment shows on its face that it has been entered. In that case a party served appellants' attorney by leaving a copy of the judgment at appellants' attorney's office. The judgment stated the date of its entry and the volume and page numbers of its entry in the judgment book in accordance with the procedure set forth in section 668[5] for judgment book counties. The court held any notice in writing served by a party

---

shall forthwith notify the parties of the ruling, order or judgment. The notification, which shall specifically identify the matter ruled upon, may be given by mailing the parties a copy of the ruling, order or judgment, and it shall constitute service of notice only if the clerk is required to give notice pursuant to Code of Civil Procedure section 664.5. The failure of the clerk to give notification shall not extend the time provided by law for performing any act except as provided in rule 2(a) or rule 122(a)."

[5] Section 668 provides: "Except as provided in section 668.5, the clerk of the superior, municipal, and justice court must keep, with the records of the court, a book called the 'judgment book,' in which judgments must be entered."

which conveys to the losing party that judgment has been entered is sufficient notice of entry under rule 2(a).[6] The court also held that in rule 2(a), section 664.5 was mentioned only in connection with notice by the clerk of the court and a party's failure to comply with the section's provisions did not necessarily mean the party had not given sufficient notice of entry to trigger the 60-day period of rule 2(a).

The *National* case is of little help to defendants since that service of the notice was given by a party not the courtroom clerk and the county was a judgment book county governed by section 668 rather than section 668.5. Appeal in this matter is also governed by rule 2(b) and section 688.5. Rule 2(b) provides in pertinent part: "For the purposes of this rule: (1) The date of entry of a judgment shall be the date of its entry in the judgment book or, in a county following the procedure specified in Code of Civil Procedure Section 668.5 in lieu of maintaining a judgment book, the date of filing the judgment with the clerk pursuant to that section." Section 668.5 also provides in part "the date of filing the judgment with the clerk shall constitute the date of its entry."

In *Hott* v. *Southern Pac. Pipe Lines, Inc.* (1977) 75 Cal.App.3d 826, 828 [142 Cal.Rptr. 507], judgment was entered by the Superior Court of Santa Clara County which microfilms its judgments under the provisions of section 668.5 as does the Superior Court of San Francisco County. Judgment was filed with the clerk on April 13, microfilmed on April 22 and placed in the file on April 23. The clerk's notice of entry was dated April 13 and mailed to the parties on April 16. The court held April 13 constituted the date of entry of the judgment and the date of mailing on April 16 commenced the 60-day period under rule 2(a).

A problem arises, however, when in a nonjudgment book county, the court has taken a matter under submission and then issued a final order or a judgment, copies of which are mailed to the parties by the courtroom clerk. The mailing of a file-endorsed copy of the order or judgment could be compliance with rule 309 which requires a clerk to give notice of the ruling to the parties or it could be notice of entry of judgment or ruling by the clerk upon order of the court as provided in the last sentence of section 664.5.

We, therefore, find it necessary to reexamine the issue of whether a copy of an order or judgment mailed by a courtroom clerk constitutes the "notice

---

[6] Rule 2(a) provides: "Except as otherwise provided by Code of Civil Procedure section 870 or other statute, a notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3."

of entry of judgment" required by section 664.5. In *Pacific City Bank,* the court held that notice by the clerk must be in writing but no particular form is required. In so holding, the court relied upon a statement contained in *Tri-County Elevator Co.* v. *Superior Court* (1982) 135 Cal.App.3d 271, 276 [185 Cal.Rptr. 208]. The issue before the court in *Tri-County,* however, was whether service of a conformed copy of a judgment *by a party,* not a courtroom clerk, was sufficient notice of entry of judgment to commence the running of the 15-day period within which a party must file a notice of intention to move for new trial under section 659. The court held the notice sufficient in a county using the procedure provided in section 668.5, quoting from *Bank of America etc. Assn.* v. *Superior Ct.* (1931) 115 Cal.App. 454, 457 [1 P.2d 1081] that " ' "any notice in writing which will convey to a losing party that the judgment has been entered is sufficient in California." ' "

In *Bank of America* the issue decided was also whether a notice of entry of judgment served by a party on an administratrix in her representative capacity was sufficient to commence the period within which to file a motion for a new trial. Again this court found that it was. (*Bank of America etc. Assn.* v. *Superior Ct., supra,* 115 Cal.App. at p. 458.)

Thus, the holding in *Pacific City Bank* that the notice of entry given by the courtroom clerk may be in any form is not supported by the authorities cited. We decline to apply its reasoning to interpret rule 2(a). We agree with the reasoning in *Tri-County* that the requirements of section 664.5 apply to service of notice of entry by a clerk of the superior court.

Section 659 requires a party to serve and file a notice of intention to move for new trial "[w]ithin 15 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment, or with 180 days after the entry of judgment, whichever is earliest." The court in *Tri-County* construed the phrase "pursuant to section 664.5" contained in section 659 to apply only to service of notice of entry by the clerk and not to service of notice by a party reasoning that "[T]his is the only logical construction of section 659 because prior to January 1, 1982, section 664.5 provided for mailing of notice of entry of judgment by the clerk exclusively, and did not authorize such service by a party. As amended, section 664.5 now places on the party submitting the judgment for entry the duty of giving notice of entry; the clerk may give such notice only when the court orders him to do so. Section 659 was not amended to make section 664.5 applicable to service of notice of entry of judgment *by a party*; it continues to incorporate the provisions of section 664.5 only in connection with ser-

vice of such notice *by the clerk.* " (*Tri-County Elevator Co.* v. *Superior Court, supra,* 135 Cal.App.3d at p. 275; fn. omitted; italics in original.)

■ We hold that when a matter is submitted in a superior court of this state the clerk of the court must give notice of the court's ruling as required by rule 309 by mailing a copy of the order or judgment to the parties. If ordered to do so by the judge, the clerk may give notice of entry of a final order or judgment only by mailing to the parties an additional "notice of entry" which states the notice is given under section 664.5. The clerk must also execute and place in the file a certificate of mailing of this notice.

We consider the greatest evil to be the uncertainty as to the time limit for filing a notice of appeal created under the present state of the law. To resolve the determination of the period for appeal by interpretation by an appellate court of oral statements made by the trial judge which are contained in the transcript of the proceedings does not create certainty. We have seen two courts reach opposite results when trying to determine whether a trial judge meant to order his clerk to give notice of entry.

■ We are asked to decide whether different words used by the trial judge in this action constitute an order or not. These words may be nothing more than a courteous remark by the judge to the parties at the end of a matter which represent a recognition by the court that parties and their counsel are anxious to receive the final ruling. Any interpretation by us would be nothing but "guesswork," a process rejected by our Supreme Court in cases where an appellate court is asked to determine the reasons relied on by the trial judge to grant a motion for new trial from oral statements made at the hearing. *(La Manna* v. *Stewart* (1975) 13 Cal.3d 413, 420 [118 Cal.Rptr. 761, 530 P.2d 1073].)

We find the notice of appeal was timely filed since it was filed within 60 days of the notice of entry of judgment under section 664.5 mailed by the courtroom clerk. The motion to dismiss the appeal is denied.

Kline, P. J., and Smith, J., concurred.

A petition for a rehearing was denied March 11, 1988, and respondents' petition for review by the Supreme Court was denied May 4, 1988.