[No. B040751. Second Dist., Div. One. Mar. 21, 1991.]

JACK N. YOUNESI, Plaintiff and Respondent, v.
FRANKLIN K. LANE III, Defendant and Appellant.

**COUNSEL**

Franklin K. Lane III, in pro. per., for Defendant and Appellant.

Ronald E. Faulk for Plaintiff and Respondent.

**OPINION**

**ORTEGA, J.—**

## BACKGROUND

This case is a primer on why lawyers should not do business with their clients. Defendant Franklin K. Lane III (Lane) represented plaintiff Jack

N. Younesi (Younesi) in various business matters and related litigation. Later, Younesi suffered financial reverses and convinced Lane to loan him $82,500, much of which Lane borrowed from banks. The loan was secured by a trust deed on Younesi's house, some worthless stock, and undelivered personal property.

Lane represented Younesi in several unsuccessful lawsuits against Younesi's creditors. Lane then represented Younesi in bankruptcy court against the judgment creditors who successfully argued their judgments were non-dischargeable due to fraud. Younesi then fired Lane.

Meanwhile, one creditor sued Younesi and Lane for fraudulent conveyance of Younesi's house to Lane. Lane foreclosed on the house, became record owner, and leased it to Younesi. When Younesi failed to pay rent, Lane secured an unlawful detainer judgment which he did not enforce. Lane did not try to collect his sizeable fees due from Younesi because Lane felt the house's appreciation adequately compensated him. Eventually, a court found Younesi's conveyance of the house to Lane fraudulent and set it aside. Lane's appeal was dismissed when he failed to pay costs on time.

Younesi and three others then sued Lane and others for legal malpractice, fraud, breach of fiduciary duty, and intentional infliction of emotional distress. The case was assigned to a "fast track" court. Although Lane suffered a heart attack, the trial court refused Lane's request for a continuance and precluded him from using his exhibits because he failed to file his exhibit list on time. Nonetheless, a jury returned verdicts for all defendants on all causes of action. After entry of judgment, the trial court granted Younesi's motion for judgment notwithstanding the verdict (JNOV) against Lane for breach of fiduciary duty. Lane appeals. We conclude the trial court lacked jurisdiction to hear Younesi's untimely JNOV motion and reinstate the original judgment.

## PROCEDURAL FACTS

On November 14, 1988, the jury returned verdicts for all defendants on all causes of action. Later, the following colloquy occurred: "[Younesi's counsel]: . . . I intend to make a motion at this time for a [JNOV.] I think clearly from the evidence before the court, as an independent 13th juror, that the breaches as alleged in the complaint, specifically breach of fiduciary duty, malpractice, upon the standard which the court is aware should be applied in this case[,] [i]ntentional infliction of emotional distress as well as fraud were committed by Mr. Lane. [¶] The Court: Don't you think we ought to hear that in a written motion? [¶] [Younesi's counsel]: Certainly. I'm just making it orally at this time to preserve the record. If the court

desires, I'll be happy to file a written motion as well as a motion for a new trial on that regard. [¶] The Court: I think it makes more sense to do that in a written motion within the statutory time. [¶] . . . . [¶] But make sure you check the statutory requirements and also that you give adequate notice."

Although the trial court stated that "I'm going to reserve entering judgment on the special verdict until we have some further argument and discussion on that motion and any other motions," the judgment on the verdict was entered on November 14. The judgment was stamped "[f]iled Nov[.] 14[,] 1988 Frank S. Zolin, County Clerk By D. Rayner, Deputy," and was signed "D. Rayner." The November 14 minute order states: "The Court notes [Younesi]'s oral motion for [JNOV] should be a notice[d] motion. [¶] . . . . [¶] [T]he Court now enters judgment for [Lane] on said special verdict. The Court refers counsel to Code of Civil Procedure sections 629, 659 and 663.[1] [¶] Judgment on Verdict in Open Court (Long Form) is prepared and filed this date. [¶] A copy of this minute order and above Judgment are sent by U.S. Mail on 11-15-88 [to all counsel]."

On November 30, Younesi filed a new trial motion. On December 27, Younesi filed his JNOV motion. On January 11, 1989, the trial court denied the new trial motion, granted the JNOV motion against Lane only as to the breach of fiduciary duty cause of action, awarded Younesi $125,000 damages, vacated the original judgment, and entered the new judgment.[2]

## ISSUE

Lane contends the trial court lacked jurisdiction to hear Younesi's JNOV motion because it was untimely. Younesi argues he substantially complied with the notice requirements, Lane had actual notice and suffered no prejudice, and the trial court granted the motion on its own initiative.

## DISCUSSION

 Lane's contention that the trial court lacked jurisdiction to hear Younesi's JNOV motion because it was not timely filed is well taken. A JNOV motion must be filed within time limits controlled by sections 629, 659, and 664.5.[3] Section 629 requires that a JNOV motion be filed within

---

[1] Unless otherwise noted, all further statutory references are to the Code of Civil Procedure.

[2] Younesi did not appeal from the original judgment or the denial of his new trial motion or the other portions of his JNOV motion. The other plaintiffs and defendants are not parties to this appeal.

[3] Section 629 provides in relevant part: "The court, before the expiration of its power to rule on a motion for a new trial, either of its own motion, after five days' notice, or on motion

the time periods specified in section 659 controlling new trial motions. Section 659 prescribes that where, as here, judgment was entered, such motions be filed "[w]ithin 15 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest . . . ." Section 664.5 states that, while in a superior court proceeding "the party submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and shall file with the court the original notice of entry of judgment together with the proof of service by mail [(subd. (a)),] [¶] . . . . [¶] [u]pon order of the court in any action . . . , the clerk shall mail notice of entry of any judgment or ruling . . . ."

In this case, Lane neither prepared, served, nor filed a notice of entry of judgment. The judgment was filed on November 14, 1988, and the clerk mailed copies of the judgment and minute order to Younesi on November 15. ▉▉▉▉▉▉ On December 27, 43 days later, Younesi filed his JNOV motion. Despite Younesi's contrary contention, the trial court did not initiate the motion.[4] The court did not mention the motion until Younesi "orally noticed" it. The court then expressly refused to hear the motion unless Younesi brought it pursuant to proper statutory requirements and gave proper notice. Although the court later stated it would "reserve entering judgment on the special verdict," which would have permitted Younesi to move for JNOV anytime before entry of judgment (§§ 629, 659, subd. 1), the court, in any event, entered judgment and ordered the clerk to notify the parties. ▉▉▉ Thus, if the clerk's November 15 mailing triggered the filing period, Younesi's motion was untimely. If not, Younesi's motion was filed well within the relevant alternative 180-day period after entry of judgment.

In *Tri-County Elevator Co.* v. *Superior Court* (1982) 135 Cal.App.3d 271, 276 [185 Cal.Rptr. 208], we held that a party's sending of a conformed copy

---

of a party against whom a verdict has been rendered, shall render judgment in favor of the aggrieved party notwithstanding the verdict whenever a motion for a directed verdict for the aggrieved party should have been granted . . . . [¶] A motion for [JNOV] shall be made within the period specified by Section 659 of this code in respect of the filing and serving of notice of intention to move for a new trial. . . . The court shall not rule upon the [JNOV motion] until the expiration of the time within which a motion for a new trial must be served and filed, and if a motion for a new trial has been filed with the court by the aggrieved party, the court shall rule upon both motions at the same time. The power of the court to rule on a [JNOV motion] shall not extend beyond the last date upon which it has the power to rule on a motion for a new trial. . . ."

[4] The 15-day time limit within which to bring a motion for JNOV does not apply to such motions initiated by the court. (*Sturgeon* v. *Leavitt* (1979) 94 Cal.App.3d 957, 963-964 [156 Cal.Rptr. 687].)

of the judgment showing its entry date triggered the 15-day period for filing a new trial motion. We found the losing party's failure to file his new trial motion within that period deprived the court of jurisdiction to hear the motion. (*Id.* at p. 277; accord, *Ramirez* v. *Moran* (1988) 201 Cal.App.3d 431, 436 [247 Cal.Rptr. 117].)

In *In re Marriage of Beilock* (1978) 81 Cal.App.3d 713, 721-723 [146 Cal.Rptr. 675], the court found that while the clerk's mailing of a copy of the minute order reciting entry of the challenged order did not constitute notice of entry of the order, the clerk's subsequent mailing of a copy of the formal challenged order triggered the 15-day period under section 659. As the motion in *Beilock* was filed within 15 days of the mailing of the challenged order, the court found the motion timely.

These cases confirm that the clerk's November 15 mailing of the minute order and judgment triggered the 15-day period for filing Younesi's JNOV motion. However, we look for additional guidance to cases discussing whether comparable acts trigger the 60-day period for filing notice of appeal from a judgment.[5] ■ Where notice is by a party, sending an endorsed copy of the judgment showing its date of entry constitutes sufficient notice and failure to file notice of appeal within 60 days results in dismissal of the appeal. (*National Advertising Co.* v. *City of Rohnert Park* (1984) 160 Cal.App.3d 614, 618 [206 Cal.Rptr. 696].) Moreover, where the clerk sends a "notice of entry of judgment," an appeal filed more than 60 days later is untimely. (*Hott* v. *Southern Pac. Pipe Lines, Inc.* (1977) 75 Cal.App.3d 826, 828 [142 Cal.Rptr. 507].) While the clerk's mailing of only a copy of the minute order but not the judgment was held insufficient to trigger the 60-day period (*Jade K.* v. *Viguri* (1989) 210 Cal.App.3d 1459, 1469 [258 Cal.Rptr. 907]), the clerk's mailing of a copy of the order (judgment) was sufficient to constitute notice of entry of the order, at least to render a writ petition untimely under section 437c, subdivision (*l*). (*Eldridge* v. *Superior Court* (1989) 208 Cal.App.3d 1350, 1354 [256 Cal.Rptr. 724].) Finally, the court in *Pacific City Bank* v. *Los Caballeros Racquet & Sports Club, Ltd.* (1983) 148 Cal.App.3d 223, 226-228 [195 Cal.Rptr. 776] specifically held the clerk's mailing of a copy of the challenged order triggered the 60-day period.

■ These cases disclose that, in order for the clerk to provide legally sufficient notice under section 664.5, two requirements must be met. First, the court must order the clerk to provide notice. In our case, despite the

---

[5] Although not in issue, we note that Lane filed his notice of appeal on March 13, 1989, 61 days after the court granted Younesi's JNOV motion. However, March 12, 1989, the 60th day after entry of judgment, was a Sunday. Lane was entitled to file his notice the next court day. Thus, Lane's notice of appeal was timely filed.

absence of such an express order, the written November 14, minute order confirms that the clerk mailed the minute order and judgment on the court's instructions. The minute order recited that "the Court" ordered Younesi to make a "noticed" JNOV motion, and referred him to the sections prescribing the requirements for a timely motion. Thus, the court clearly intended to begin the period within which Younesi had to notice his JNOV motion. In any event, we presume, as we must, that the court knew it had to order the clerk to provide notice, and that the clerk would not have done so gratuitously. ■ "It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties. [Citations.]" (*People* v. *Mack* (1986) 178 Cal.App.3d 1026, 1032 [224 Cal.Rptr. 208].) ■ "It is presumed that official duty has been regularly performed. . . ." (Evid. Code, § 664.) Absent contrary evidence, this presumption applies to actions by court clerks ("[e]ntry of a judgment or order on the date of filing is commonplace" (*In re Marriage of Patscheck* (1986) 180 Cal.App.3d 800, 803 [225 Cal.Rptr. 787])) and trial judges. (*People* v. *Mack, supra,* 178 Cal.App.3d at p. 1032; see *In re Marriage of Drivon* (1972) 28 Cal.App.3d 896, 898 [105 Cal.Rptr. 124].) On these facts, the trial court ordered the clerk to provide notice.

■ The only cases which held the clerk's mailing of a conformed copy of a judgment showing its entry date was insufficient to provide notice did so because the evidence that the court ordered the clerk to provide notice was insufficient. (*S M Trading, Inc.* v. *Kono* (1988) 198 Cal.App.3d 749, 751-756 [243 Cal.Rptr. 707]; *In re Marriage of Kepley* (1987) 193 Cal.App.3d 946, 949-951 [238 Cal.Rptr. 691] (cf. conc. opn. at pp. 954-955 and dis. opn. at pp. 955-956).) As such, those cases are distinguishable. Moreover, we think both cases incorrectly ignored the presumption, discussed above, that official duty is properly performed, especially in light of the specific evidence in both cases that the trial judges ordered their clerks to provide notice.

Second, at least in counties maintaining a judgment book (§ 668; cf. § 668.5), the judgment must indicate its date of entry. The judgment in this case does so. Again, absent contrary evidence, we presume that "[e]ntry of a judgment or order on the date of filing is commonplace." (*In re Marriage of Patscheck, supra,* 180 Cal.App.3d at p. 803.) Moreover, Younesi was present when the verdicts upon which the original judgment was based were returned and had actual notice of the entry of judgment. Thus, a careful reading of these cases compels our conclusion that, on the facts of this case, the clerk's mailing of copies of the minute order and judgment on November 15 triggered the 15-day period within which Younesi must have filed his JNOV motion. As a result, Younesi's motion was untimely.

Younesi's claims that he substantially complied with the notice requirements, and that Lane had actual notice, are meritless. His substantial compliance argument seems to be that, since the JNOV motion was heard before the end of the permitted 60-day period for ruling on new trial motions, the JNOV motion was timely. However, that argument reads out of the statute the requirement that the period within which both motions must be resolved must be timely commenced. In any event, even his new trial motion was filed on the 16th day after the mailing of the minute order and judgment, and thus itself was untimely. The oral "notice" given on November 14 was couched in terms of a new trial motion, was conclusory, and could not have given Lane actual notice.

■ For the first time at oral argument, Younesi argued that the JNOV motion could be orally noticed. Section 629 is silent regarding whether the motion must be written. However, section 629 requires that the motion "shall" be made within the period specified in section 659. Section 659 states that the moving party "must file [a new trial motion] with the clerk and serve [it] upon each adverse party . . . ." This language requires a written motion. Moreover, California Rules of Court, rule 313(a) requires written authorities in support of all motions other than motions for a new trial, which must be written under section 659. More importantly, JNOV and new trial motions both seek to overturn jury verdicts in cases already tried on their merits. Section 659's requirement that a new trial motion be written and properly served incorporates the equitable principle that such a drastic step be taken only after written notice and briefing by the parties. As the same principles govern JNOV motions, they also must be written and properly served on the trial court and parties. And, in our case, the trial court expressly required Younesi to make a written, properly noticed motion.

■ Finally, Younesi's claim that any failure to file a timely motion is a technical defect that should be excused absent prejudice to Lane is equally meritless. The only authority cited in support of that position is distinguishable. In *Espinoza* v. *Rossini* (1966) 247 Cal.App.2d 40, 45-46 [55 Cal.Rptr. 205], the trial court ruled on timely new trial and JNOV motions on successive days, in violation of section 629's requirement that both motions be decided at the same time. While the trial court's action was "irregular," the portion of the statute commanding that both motions be considered together is directory, not mandatory. The appellate court held that the irregularity did not invalidate the rulings. In contrast, the trial court lacks jurisdiction to consider untimely JNOV motions. (*Sturgeon* v. *Leavitt, supra,* 94 Cal.App.3d at p. 962.)

As the trial court lacked jurisdiction to hear Younesi's untimely JNOV motion, we reverse the grant of the motion and vacate the ensuing judg-

ment. ■ "When a [JNOV] is reversed, the trial court will be directed to enter judgment on the [original] verdict, no good reason appearing why the appellate court should grant a new trial. [Citation.]" (*Fortier Trans. Co.* v. *Union Packing Co.* (1950) 96 Cal.App.2d 748, 756-757 [216 P.2d 470].) The trial court is ordered to reinstate the original judgment.[6]

### Disposition

The order granting Younesi's JNOV motion is reversed and the ensuing judgment vacated. The trial court is ordered to reinstate the original judgment entered November 14, 1988. Lane is entitled to costs on appeal.

Spencer, P. J., and Vogel, J., concurred.

---

[6] As we reverse because Younesi's JNOV motion was untimely, thus depriving the trial court of jurisdiction, we do not address Lane's other challenges to the grant of JNOV.