121 Cal.Rptr.2d 615 (2002)
99 Cal.App.4th 896
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, Petitioner,
v.
The SUPERIOR COURT of Stanislaus County, Respondent, Mattox Trust et al., Real Parties In Interest.
No. F040070.
Court of Appeal, Fifth District.
May 28, 2002.
As Modified June 26, 2002.
*616 Bill Lockyer, Attorney General, Richard M. Frank, Chief Assistant Attorney General, Louis Verdugo, Jr., Assistant Attorney General, Catherine Z. Ysrael, and Regina J. Brown, Deputy Attorneys General, for Petitioner.
No appearance for Respondent.
Law Offices of Anthony Drew Rowe and Anthony Drew Rowe, for Real Parties In Interest.

OPINION
THE COURT.[*]
On February 13, 2001, a complaint was filed with the petitioner Department of Fair Employment and Housing (petitioner or Department). The complaint alleged discrimination based upon race (African-American) and marital status (single). Regenia Cain (Cain) alleged discrimination based upon race and marital status. Cain had spoken with real party in interest Nancy Keller (Keller), a property manager for real party in interest Mattox Trust (Mattox), with regard to a rental property. According to the complaint, the interview went well until Keller learned that Cain, an African-American, intended to live at the rental property with another woman who is Caucasian. Cain alleged that after learning of Cain's proposed living arrangement, Keller's attitude and demeanor toward her changed. Keller expressed her preference to rent to a married couple, which Keller explained to Cain as being "tenants related by blood." Cain left the premises without filling out an application.
On November 16, 2001, a subpoena duces tecum was served upon Keller. The following information was requested: (1) the rental application and rental agreement for the current tenant of 2228 Northridge Drive, Modesto; (2) the rental application and rental agreement for each tenant who resided at 2228 Northridge Drive at any time between January 1, 1999, and January 30, 2001; (3) any document showing the address of each residential unit that Keller currently manages; (4) the rental application and rental agreement for each tenant residing at each property that Keller managed at any time between January 1, 1999, and January 30, 2001; and (5) the rental application of all applicants who were denied rental at any property Keller managed at any time between January 1, 1999, and January 30, 2001.
On November 20, 2001, Keller sent petitioner a letter stating she would not provide the information described in the subpoena.
On December 10, 2001, petitioner petitioned in Stanislaus County Superior Court for an order compelling compliance with investigative discovery pursuant to *617 Government Code section 12963.5.[1] Section 12963.5 deals with the California Fair Employment and Housing Act (FEHA). Keller and Mattox filed opposition to the petition and petitioner filed a reply. On January 17, 2002, the court filed a tentative ruling ordering Keller and Mattox to produce the documents. The tentative ruling modified the time period involved to January 1, 2000, through January 31, 2001.
On January 18, 2002, a hearing was held on the matter.
On January 25, 2002, the court rendered its decision denying the petition to compel compliance with investigative discovery. On February 6, 2002, a signed order denying the petition was filed. On February 15, 2002, Keller and Mattox served petitioner by mail with the order denying the petition.
On March 7, 2002, the present petition was filed. Keller and Mattox filed opposition and petitioner filed a reply.

DISCUSSION

I. Timeliness

The present petition was timely filed. Although after taking the matter under submission, the superior court issued its denial order on January 25, 2002, the copy mailed by the clerk of the court was not signed or file stamped. This mailing, in conformance with California Rules of Court, rule 309, did not constitute service upon petitioner. (See S.M. Trading, Inc. v. Kono (1988) 198 Cal.App.3d 749, 756, 243 Cal.Rptr. 707; Okuda v. Superior Court (1983) 144 Cal.App.3d 135, 138, 192 Cal.Rptr. 388.) The order was ultimately endorsed and file stamped on February 6, 2002, and served by mail by Keller and Mattox on February 25, 2002. The present petition was filed on March 7, 2002, within the 15 days (after service) allowed by section 12963.5, subdivision (d), plus the additional 5 days allowed by Code of Civil Procedure section 1013, subdivision (a) for service by mail. (See Citicorp North America, Inc. v. Superior Court (1989) 213 Cal.App.3d 563, 567, 261 Cal.Rptr. 668.)

II. Discovery Pursuant to FEHA

An individual claiming to be aggrieved by alleged unlawful housing practice may file a verified complaint with the Department. (§ 12980, subd. (a).) Discrimination based upon race or marital status is unlawful. (§ 12955, subd. (a).) When the Department receives a verified complaint, it is empowered to conduct an investigation of the allegations contained in the complaint. (§§ 12980, subd. (c) & 12963.) Investigation may include compelling testimony and production of documents. (§§ 12963.1 & 12963.3.) These administrative investigations are similar to grand jury proceedings, and can therefore be initiated "`"merely on suspicion that the law is being violated, or even just because it [the department] wants assurance that it [the law] is not [being violated]."'" (Arnett v. Dal Cielo (1996) 14 Cal.4th 4, 8, 56 Cal.Rptr.2d 706, 923 P.2d 1, quoting Brovelli v. Superior Court (1961) 56 Cal.2d 524, 529, 15 Cal.Rptr. 630, 364 P.2d 462, in turn quoting United States v. Morton Salt Co. (1950) 338 U.S. 632, 642-643, 70 S.Ct. 357, 94 L.Ed. 401.)
When an individual or entity fails to comply with the Department's lawful request for documents, the Department may file a petition with the superior court for an order compelling compliance. (§ 12963.5, subd. (a).) To be successful in *618 such a petition, the Department must show a subpoena was issued or carried out in accordance with FEHA, and that the information sought was identified with sufficient particularity to allow a response. In addition, the Department must show the information it seeks is reasonably relevant to the inquiry or investigation before it, and that the party from whom discovery is sought has failed to comply. (§ 12963.5, subd. (b).)
The subpoena duces tecum in this case was served by certified mail, which is in compliance with FEHA. The information sought was identified with sufficient particularity to permit a response. In fact, Keller and Mattox did not object on either of these grounds below.
The information petitioner sought was reasonably relevant to its housing discrimination investigation based upon a complaint containing allegations of discrimination on the basis of race and martial status. Petitioner sought: The rental application and rental agreement for the current tenant of the very property Cain was interested in renting, as well as prior rental applications and rental agreements for that property for the time period between January 1, 1999, and January 30, 2001. In addition, petitioner sought documents showing the address of each residential rental unit Keller currently managed, as well as rental applications and rental agreements for each tenant residing at these properties for the time period between January 1, 1999, and January 30, 2001. Finally, petitioner sought the rental application of all applicants who were denied rental at any property managed by Keller between January 1, 1999, and January 30, 2001.
To establish a prima facie case in a FEHA claim, Cain would be required to show she was a member of a protected class, applied for and was qualified for a housing accommodation, was denied a housing accommodation, and that similarly situated individuals either applied for and obtained housing, or provide other circumstantial evidence of discriminatory motive in refusing her the housing accommodation. (Gamble v. City of Escondido (9th Cir.1997) 104 F.3d 300, 304-305.) Consequently, rental information about other applicants and selected tenants is reasonably relevant to the discrimination investigation in this case. Claims of differential treatment have been held to be essential to proving housing discrimination based on race. (See EEOC v. Ford Motor Credit Company (6th Cir.1994) 26 F.3d 44, 47-48.) Documents sought would assist petitioner in determining whether Keller and Mattox's rental practices violate FEHA. The Department could determine the racial makeup and marital status of Keller and Mattox's renters, as well as that of applicants who were unsuccessful in renting from Keller and Mattox. Petitioner needs this information in order to decide whether to charge a statutory violation, or to make the decision that no further action is necessary. (See Arnett v. Cielo, supra, 14 Cal.4th at pp. 20-24, 56 Cal.Rptr.2d 706, 923 P.2d 1.) In the present case, there is no doubt that Keller and Mattox have failed to comply with the subpoena. Consequently, all of the requirements of section 12963.3 were met by petitioner.

III. Constitutional Right Of Privacy

Keller and Mattox claim disclosure of the information sought would violate the right of privacy of third parties (former and current tenants, rental applicants, etc.). Under Hill v. National Collegiate Athletic Assn. (1994) 7 Cal.4th 1, 34-35, 26 Cal.Rptr.2d 834, 865 P.2d 633, the "compelling interest" test does not always apply to all intrusions on privacy interests. (See *619 also American Academy of Pediatrics v. Lungren (1997) 16 Cal.4th 307, 329-330, 66 Cal.Rptr.2d 210, 940 P.2d 797.) Hill requires that the court look at the specific kind of privacy interest involved, the nature and seriousness of the invasion, and any countervailing interests. If an obvious invasion of interest fundamental to personal autonomy is involved, then the compelling interest test applies. If the invasion is less central, or is in bona fide dispute, then a general balancing test applies. (Hill, supra, 7 Cal.4th at p. 34, 26 Cal. Rptr.2d 834, 865 P.2d 633.)
Before applying either test, the court must determine whether the claim involves an insignificant or de minimis intrusion on a protected privacy interest. If the claim is an insignificant or de minimis intrusion, then the requesting party is not required to provide an explanation or justification for the intrusion. (American Academy of Pediatrics, supra, 16 Cal.4th at p. 331, 66 Cal.Rptr.2d 210, 940 P.2d 797.)
Hill sets forth three threshold elements that must be satisfied to advance a privacy claim: (1) identification of a specific, legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) conduct by defendant constituting a serious invasion of privacy. (Hill, supra, 7 Cal.4th at pp. 35-37, 26 Cal.Rptr.2d 834, 865 P.2d 633.) All three elements must be met. If one or more of the threshold elements is not met, then depending upon the nature of the privacy interest involved, the court must apply either the compelling interest test provided for in the American Academy of Pediatrics, or the balancing test used in Hill. (American Academy of Pediatrics, supra, 16 Cal.4th at pp. 331, 340-342, 66 Cal.Rptr.2d 210, 940 P.2d 797.)
First, it can be argued that the requested documents involve no serious invasion of a right of privacy of a third party. There are two general classes of recognized privacy interest: "(1) interests in precluding the dissemination or misuse of sensitive and confidential information (`informational privacy'); and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference (`autonomy privacy')." (Hill v. National Collegiate Athletic Assn., supra, 7 Cal.4th at p. 35, 26 Cal.Rptr.2d 834, 865 P.2d 633.)
Where informational privacy is involved, the primary objective is to regulate the unnecessary collection and improper use of such information for dissemination. (American Academy of Pediatrics, supra, 16 Cal.4th at pp. 334-335, 66 Cal.Rptr.2d 210, 940 P.2d 797.) There is no evidence the Department seeks to disseminate or misuse the information requested. It is also questionable, although not proven below, that the actual rental applications and agreements in the possession of Keller and Mattox or used in their business involve the type of information described as autonomy privacy.
With regard to the second threshold element set forth in Hill, renters and applicants have a lessened expectation of privacy where the intrusion is confined to a specific setting or limited context, as in the present case where the Department is seeking the information in the specific context of a discrimination investigation. (American Academy of Pediatrics, supra, 16 Cal.4th at p. 338, 66 Cal.Rptr.2d 210, 940 P.2d 797; see also Hill, supra, 7 Cal.4th at p. 38, 26 Cal.Rptr.2d 834, 865 P.2d 633.)
Finally, it is also questionable whether the information sought constitutes a serious invasion of privacy. The invasion of privacy in this case is not "sufficiently serious in [its] nature, scope, and actual or potential impact to constitute an egregious *620 breach of the social norms underlying the privacy right." (Hill, supra, 7 Cal.4th at p. 37, 26 Cal.Rptr.2d 834, 865 P.2d 633.) The consequences of disclosure to the third parties involved is similarly not strong in this case considering its limited use by the Department. In fact, petitioner has a duty to protect the information from the general public. (See §§ 6250-6270; Civ.Code, §§ 1798 & 1798.1.)
Even assuming all three elements of the Hill threshold requirement were met, petitioner is able to meet the balancing test set forth in Hill, which is a less intensive scrutiny, because the privacy interest in question is less central, or in bona fide dispute. (American Academy of Pediatrics, supra, 16 Cal.4th at p. 340, 66 Cal. Rptr.2d 210, 940 P.2d 797.) The Department's interest in prohibiting discrimination in housing outweighs any privacy interest of those applicants for housing with Keller and Mattox who were denied housing, or those who were accepted as renters. Indeed, the state has a compelling interest in prohibiting racial or ethnic discrimination in housing and employment. (See R.A.V. v. St. Paul (1992) 505 U.S. 377, 395, 112 S.Ct. 2538, 120 L.Ed.2d 305; see also Smith v. Fair Employment and Housing Com. (1996) 12 Cal.4th 1143, 1170, 51 Cal.Rptr.2d 700, 913 P.2d 909.) If Keller and Mattox were to admit rejecting applicants based on their race or marital status, the Department's investigation could end there. However, without this admission, the necessary first step for the Department in deciding whether race or martial status may have influenced Keller and Mattox's decision to reject or accept rental applicants is for the Department to have the requested documents so the individuals who are renting from Keller and Mattox or who have been rejected as tenants can be contacted. (See Olympic Club v. Superior Court (1991) 229 Cal. App.3d 358, 362-363, 282 Cal.Rptr. 1.)
Even under the compelling state interest test, petitioner is entitled to the information. This test applies only in cases involving an "obvious invasion of an interest fundamental to personal autonomy...." (American Academy of Pediatrics, supra, 16 Cal.4th at p. 340, 66 Cal. Rptr.2d 210, 940 P.2d 797, quoting Hill, supra, 7 Cal.4th at p. 34, 26 Cal.Rptr.2d 834, 865 P.2d 633, emphasis omitted.) Applying this test, petitioner must establish that the compelling interest of the state outweighs the infringement on constitutional privacy, and that the state interests cannot be achieved by a less intrusive means. (American Academy of Pediatrics, supra, 16 Cal.4th at p. 340-341, 66 Cal.Rptr.2d 210, 940 P.2d 797.) A compelling interest has been described as one that is an "extremely important and vital [ ] state interest." (American Academy of Pediatrics, supra, 16 Cal.4th at p. 341, 66 Cal.Rptr.2d 210, 940 P.2d 797.) As stated in R.A.V. v. St. Paul, supra, 505 U.S. at p. 395, 112 S.Ct. 2538, the state has a compelling interest in prohibiting racial or ethnic discrimination. The state has a similar interest in protecting against discrimination by marital status. These compelling state interests outweigh the intrusion on the privacy of third party tenants and applicants that might result from disclosure of rental records. Petitioner has no other means of obtaining the requested records because the only known records are solely within the custody and control of Keller and Mattox. (American Academy of Pediatrics, supra, 16 Cal.4th at p. 348, 66 Cal.Rptr.2d 210, 940 P.2d 797.)
We therefore conclude the court erred in denying the petition for order compelling compliance with investigative discovery.

DISPOSITION
Petitioner is entitled to appropriate relief. (Code Civ. Proc, § 1085; Whitney's *621 At The Beach v. Superior Court (1970) 3 Cal.App.3d 258, 266, 83 Cal.Rptr. 237.) A peremptory writ of mandate is proper and should issue. (Code Civ. Proc, § 1088; Palma v. U.S. Industrial Fasteners, Inc. (1984) 36 Cal.3d 171, 178, 203 Cal.Rptr. 626, 681 P.2d 893.)
Let a peremptory writ of mandate issue directing the Stanislaus County Superior Court to vacate its orders of January 25, 2002, and February 6, 2002, in Stanislaus County Superior Court action No. 306866, which denied petitioner's petition to compel compliance with investigative discovery, to conduct further proceedings as it deems necessary, including but not limited to in camera review of the requested documents, and thereafter to enter a new order granting said petition for order to compel, with appropriate protective orders to be specified.
NOTES
[*] Before Buckley, Acting P.J., Levy, J., and Cornell, J.
[1] All further statutory references are to the Government Code, unless otherwise indicated.