[S. F. No. 1612.   Department Two.—May 14, 1900.]

In the Matter of the Estate of KATE SCOTT, Deceased.  P. J. G. KENNA, Special Administrator, Appellant, v. G. W. RACHEL et al., Respondents.

TRIAL—EXCEPTIONS TO RULINGS—SETTLEMENT OF BILL—ADJOURNMENT OF COURT—NOTICE OF SETTLEMENT.—Section 649 of the Code of Civil Procedure contemplates the settlement of a bill of exceptions to a decision made in the progress of a trial at the time the decision is made, during the trial, and in the presence of the counsel for both parties, and does not contemplate a settlement of the bill after the adjournment of the court, and without any notice to the adverse counsel.  Section 650 of that code makes ample provision for the settlement of a bill of exceptions after the trial upon notice to the adverse party.

ID.—EX PARTE BILL OF EXCEPTIONS—RULINGS UPON SETTLEMENT OF ADMINISTRATOR'S ACCOUNT—REVIEW UPON APPEAL.—An *ex parte* bill of exceptions to the rulings of the court in passing upon the accounts of a special administrator, in striking out certain items and reducing others, upon the objection of a creditor, which was not settled at the time of the rulings, but was settled on the following day, without service of any draft thereof upon the creditor, who was not present in person or by counsel at the settlement thereof, and did not agree to the same, cannot be considered upon appeal from the order settling the account.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the final account of a special administrator.  James M. Troutt, Judge.

The facts are stated in the opinion.

D. C. Murphy, for Appellant.

James P. Sweeny, E. Myron Wolf, H. Van Luven, and Jacob Samuels, for Respondents.

COOPER, C.—Appellant filed his final account as special administrator in the above-entitled estate.  One Rachel, a creditor, filed written objections thereto.  Upon the hearing of the nineteenth day of May, 1898, the court struck out and disallowed the item of two hundred and sixty-two dollars claimed to have been paid for rent, reduced the attorney's fee from one

hundred dollars to fifty dollars, and the fees of the adminis-
trator from thirty-five dollars and sixty-three cents to seventeen
dollars and eighty cents, and allowed the account as to all other
items.  From this order the appeal is taken.  There is in the
record what purports to be a bill of exceptions containing the
evidence relative to said items, and the statement that appellant
excepted to the order so made by the court.  It is claimed by
respondent that the bill of exceptions cannot be considered be-
cause it was not served upon respondent, nor settled at the time
of the trial, nor when the order was made, and we think the
contention will have to be sustained.

The so-called bill of exceptions was not served on respondent,
and he was not present in person or by counsel at the settle-
ment thereof, and did not agree to the same.  It is indorsed,
"The foregoing bill of exceptions is hereby settled as correct.
Dated May 20, 1898.  Jas. M. Troutt, Judge."  No claim is
made that it was served upon the respondent, or that he was
present when it was signed, but it is stated in an affidavit filed
by appellant that immediately upon the order being made, and
in open court, the appellant did object and except to the order,
and stated that he would at once present to the judge for settle-
ment a bill embodying the said exceptions.  That no objections
were made by counsel for respondent.  That appellant's counsel
immediately prepared a rough draft of the proposed exceptions
and presented it to the judge.  That the judge, after suggesting
some changes, stated that if the draft were properly engrossed
or typewritten that he would approve the same.  This was
about noon on May 19, 1898.  That afterward, about 3 o'clock
P. M., the appellant returned to the courtroom with said draft
properly prepared, but that court had adjourned for the day,
and the judge could not be found.  That thereafter, on the
morning of the 20th, he returned with the prepared bill and se-
cured the signature of the judge thereto.  We do not think the
judge, after the court had adjourned for the day, in the ab-
sence of respondent's counsel, without his consent and without
notice to him, could, on the *ex parte* application of appellant,
settle the bill of exceptions.  The facts do not bring the case
within the provisions of section 649 of the Code of Civil Pro-
cedure, which says: "A bill containing the exception to any de-

cision may be presented to the court or judge for settlement at the time the decision is made, and, after having been settled, shall be signed by the judge and filed with the clerk." The section contemplates the settlement at the time the decision is made during the trial and in the presence of counsel for both parties. It does not contemplate a settlement of the bill after the adjournment of court, and without any notice to adverse counsel. If such bill could be settled the next day, why not the next week, or month, or year? The code elsewhere makes ample provision for the settlement of a bill of exceptions after trial upon giving the adverse party notice and time to prepare amendments so that the facts may all be accurately stated.

This court in *Wetherbee v. Carroll*, 33 Cal. 553, in construing sections 188 and 189 of the practice act, which contained similar machinery for the settlement of exceptions during the trial as is now contained in sections 649 and 650 of the Code of Civil Procedure, said: "At the trial both parties are present and in settling the exception can be heard. Each party can see that everything necessary to a presentation of the entire merits on both sides is introduced. . . . . The policy of the act is that wherever there is a possibility that a partial record, for presenting a point, may be made, both parties shall have an opportunity to take part in settling it. And the two modes prescribed—one by settling the exception during the progress of the trial, in the presence of both parties, and annexing it to the judgment-roll; the other by a subsequent statement in the mode designated—afford an orderly and convenient mode of accomplishing that end." (See Hayne on New Trial and Appeal, sec. 256; *Kleinschmidt v. McAndrews*, 4 Mont. 31; *McKay v. Montana Union Ry. Co.*, 13 Mont. 15, 21; *Estate of Carpenter*, 127 Cal. 582.)

As we are not to consider the paper purporting to be a bill of exceptions, there is nothing in the record to show the evidence upon which the court acted in arriving at its conclusions. We must presume that the testimony justified the action of the court. It follows that the order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.            McFarland, J., Temple, J., Henshaw, J.