[L. A. No. 993. Department One.—December 17, 1901.]

WILLIAM GARDNER, Respondent, v. CATHERINE STARE et al., Respondents. ADELINE JONSON, Appellant.

MOTION FOR NEW TRIAL—TIME FOR NOTICE OF MOTION—WRITTEN NOTICE OF DECISION—WAIVER OF RECORD.—A notice of motion for a new trial by the defendant, served and filed more than ten days after written notice of the decision appears to have been waived, by facts appearing in the records, is too late.

ID.—APPLICATION FOR STAY OF EXECUTION—WAIVER OF NOTICE OF DECISION—WAIVER NOT IMPAIRED.—Where it appears of record that, on the day when the judgment was entered in favor of the plaintiff, the defendant applied for and obtained an order of court staying execution upon the judgment, and served notice of such order on all the parties to the action, such facts constituted a waiver, as of that date, of written notice of the decision, which could not be impaired by the subsequent action of another of the defendants in serving written notice of the decision upon her.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Calvin Edgerton, L. R. Hewitt, C. N. Wilson, and E. O. Edgerton, for Appellant.

Dunnigan & Dunnigan, for Plaintiff, Respondent.

Fred L. Wood, for Estate of Catherine Stare, deceased, Respondent.

Cole & Cole, for Maude W. Johnston, Respondent.

Graves, O'Melveny & Shankland, for Annie Allen, Respondent.

Goodrich & McCutchen, for James Allen, Respondent.

HARRISON, J.—Appeal from an order denying a new trial.

The respondent contends that the order must be affirmed, upon the ground that the notice of intention to move for a new trial was not served or filed with the clerk in time. The court filed its findings of fact and decision, February 21, 1899, and judgment thereon was entered of record, February 23, 1899. On the same day that the judgment was entered, Adeline Jonson, the defendant and appellant herein, applied for and obtained an order of court, staying execution upon the judgment for ten days, and on the next day served a notice of this order upon all the parties to the action. March 4, 1899, she served upon the respective parties to the action a notice of her intention to move for a new trial, but the same was not filed with the clerk until March 7th. Annie Allen, one of the defendants in the action, served a notice of the decision upon the said Adeline Jonson on March 4th.

Section 659 of the Code of Civil Procedure declares that the party intending to move for a new trial "must file with the clerk," and serve upon the adverse party, a notice of his intention within ten days after notice of the decision. Mere knowledge that the decision has been given is not the equivalent of notice, but the giving of actual notice may be waived by the party entitled to receive it. (Civ. Code, sec. 3513; *Forni* v. *Yoell*, 99 Cal. 173.) The evidence of such waiver must be clear and uncontradicted—not dependent upon oral testimony or *ex parte* affidavits. It was said in *Mallory* v. *See*, 129 Cal. 356: "The rule would, therefore, seem to be,

that written notice of filing of decision is in all cases required, unless waived by facts appearing in the records, files, or minutes of the court." A written admission by the party entitled to notice, of knowledge that the decision had been made, filed with the clerk or entered upon the minutes of the court, would supersede the necessity of giving such notice; and a motion to the court or other proceeding by a party, with reference to the decision, which presumes his knowledge that it has been made, and by which he seeks to protect his own interest against the rights of the other party under the decision, will be regarded as a waiver of his right to a notice of the decision. In *Forni* v. *Yoell,* 99 Cal. 173, it was said: "The evidence of a waiver which deprives a party of a positive right granted him by law should be of such positive and conclusive character as to leave no rational doubt; but where, as in the present instance, it is furnished by the party himself, has by him been placed upon the files of the court, and made the basis upon which to predicate an application to the court for relief, which could only be granted upon the theory that the given fact existed (viz., that the findings and decision were made and filed), there is nothing left to doubt or uncertainty." In the present case, the action of the appellant in asking for a stay of execution upon the judgment was a recognition by her that the decision had been made, and an implied admission of her knowledge thereof, and, being incorporated into the records of the case, bound her as fully as if she had given a written admission of a notice of the decision.

We hold, therefore, that the application of the appellant, upon the 23d of February, for a stay of execution upon the judgment, was a waiver by her as of that date of the giving by the plaintiff of a notice of the decision, and that, as her notice of intention to move for a new trial was not "filed with the clerk" until March 7th, the court had no jurisdiction to hear her motion for a new trial. This conclusion is not affected by the fact that one of the defendants gave to the appellant a notice on the 4th of March. The right of the plaintiff to rely upon the waiver of such notice made on the 23d of February could not be impaired by this subsequent action of that defendant.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.