GARDNER v. STARE et al.*

L. A. No. 1060; June 21, 1902.

69 Pac. 426.

**Trustee's Account.**—Where the Record on Appeal from an **Order** Sustaining objections to a trustee's account does not show the evidence on which it was based, the decision will be affirmed, as all presumptions are in favor of the action of the trial court.

**Appeal—Effect on Jurisdiction of Trial Court.**—An appeal from an order does not devest the trial court of jurisdiction to make subsequent orders in the cause, but, at most, is only matter in abatement.

**Trustee's Accounting.**—An Appeal, in a Proceeding against a a trustee to compel an accounting, from an order relating to the account before a certain date, does not preclude the trial court from making an order in reference to the trustee's accounts subsequent to such date.

APPEAL from Superior Court, Los Angeles County; M. T. Allen, Judge.

Suit by William Gardner against Catherine Stare and others. From an order in favor of plaintiff, defendant Adeline Johnson appeals. Affirmed.

C. N. Wilson and Leslie R. Hewitt for appellant; Dunnigan & Dunnigan, Cole & Cole, Fred L. Wood, Graves, O'Melveny & Shankland and Goodrich & McCutcheon for respondent.

*For subsequent opinion, see 135 Cal. 118, 67 Pac. 5.

COOPER, C.—On the eighteenth day of October, 1899, a citation was duly issued and served upon Mrs. Adeline Johnson, one of the defendants, directing her to make a report to the court, and an accounting of all matters connected with the trust estate, of which she was trustee, since the filing of her last account, September 1, 1898. The account was accordingly made and filed, and written objections were made to certain portions of it. After hearing, and on July 30, 1900, the court made an order sustaining some of the objections to it, and directed that, as corrected, it be approved and allowed. This appeal is from the said order.

There is no bill of exceptions or authenticated statement of the evidence in the record. In such case all presumptions are in favor of the order of the court below, and we cannot disturb it: In re Scott's Estate, 128 Cal. 580, 61 Pac. 98.

Appellant, if we understand her brief, contends that the court had no jurisdiction to make the order because it had in February, 1899, made a certain order or decree in the same entitled matter, and that an appeal was pending in this court from the order so made at the time the order in the case at bar was made. The fact that an appeal was pending from a prior order made in the same case would not deprive the court of jurisdiction in the matter of making the present order. At most, it would only have given the appellant the right to plead in abatement the pendency of the prior proceeding or the bar of the prior judgment; but no such plea was made, and there is nothing in the record to show that such issue was in any way before the court. The copy of the prior order is, however, printed in the record, and we have examined it, and find that it only included the account of appellant as trustee up to September 1, 1898. This order or decree was affirmed here: Gardner v. Stare, 135 Cal. 118, 67 Pac. 5. The present order is confined to matters accruing after September 1, 1898, and takes the balance as found in the prior order as a basis. Hence the prior order in no way settled or determined the account of appellant as trustee after September 1, 1898.

It follows that the order should be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is affirmed.