[Civ. No. 7352. First Appellate District, Division Two.—March 26, 1930.]

ISLETON CANNING COMPANY (a Corporation), Petitioner, v. THE ·SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Erwin C. Easton and Robert H. Borland for Petitioner.

W. H. Metson and E. B. Mering for Respondents.

STURTEVANT, J.—This is an application for a writ of prohibition to stop the respondent court from settling a bill of exceptions in the case of *Hechtman* v. *Isleton Canning Co.* The basic case was tried before the court sitting with a jury. The jury returned a verdict in favor of the plaintiff and a judgment was entered thereon. Written notice of the entry of the judgment was given by the plaintiff to the defendant August 23, 1929. The defendant did not give the plaintiff a written notice of the entry of the judgment. On September 18, 1929, the plaintiff served a notice of intention to move for a new trial. September 27, 1929, the defendant made a motion to strike said notice from the files. Apparently at the same time the trial court heard the motion for a new trial. Whether it made any order on the motion to strike does not appear, but it does appear that the trial court denied the motion for a new trial. On October 31, 1929, the plaintiff served a notice of appeal. The defendant asserts that the plaintiff's notice of intention to move for a new trial came too late and that it is a nullity. Continuing, it claims that the notice of appeal also came too late and that it is a nullity and therefore it asserts the trial court is exceeding its jurisdiction by proceeding to settle a bill of exceptions and that this application should be granted. In reply the plaintiff calls attention to the wording of section 659 of the Code of Civil Procedure, and argues that it was the duty of the defendant to have given the plaintiff notice of the entry of the judgment if the defendant would complain that the acts of the plaintiff are dilatory.

The provision of the statute, the meaning of which is in controversy, is as follows: "The party intending to move for a new trial must, either before the entry of judgment or within ten (10) days after receiving written notice of the entry of the judgment, file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial, . . . " (Code Civ. Proc., sec. 659.) The requirement that a notice of intention be given was in the statute when the codes were adopted in 1872. As to when that notice should be given has been the subject matter of many dis-

putes. In 1915 (Stats. 1915, p. 201), the legislature enacted that it should be given " . . . within ten days after receiving notice of the entry of the judgment, or within ten days after verdict . . . " After the statute was so amended the disputes continued, but they took the form as to what was or was not notice. In 1929 (Stats. 1929, p. 841), the word "written" was inserted before the word "notice." Several sections were amended in the same manner.

From the foregoing history it seems to us that it is clear that the legislature never contemplated that a written notice should be given by each party. Such a contention was not the subject matter of any of the former decisions. However, that a written notice should be given and a written record of the notice should be preserved and thus remove the disputes that had theretofore arisen was manifestly the intention of the legislature. When a written notice is prepared by one party and signed by him and is served on the other party and the service is admitted in writing it is but reasonable to look upon the document as a written notice to both parties. As the law does not require the performance of idle acts no good reason appears for construing the statute as requiring each party to serve on the other party a formal written notice in order to cut out delays in litigation. Therefore, we are of the opinion that the notice of intention to move for a new trial which the plaintiff served on September 18, 1929, came too late and that it should have been stricken out on motion. As no new trial proceeding was legally initiated within the time allowed by law the notice of appeal came too late and it was ineffective for any purpose. (*Whiting-Mead Com. Co.* v. *Bayside Land Co.*, 178 Cal. 93, 94 [172 Pac. 598].)

The question of granting or denying this writ is largely one of discretion and in view of all of the facts we think that in this instance the writ should issue.

Let a peremptory writ of prohibition issue.

Nourse, Acting P. J., and Burroughs, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 25, 1930, and a petition by respondents to have the cause heard in the Supreme

Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 22, 1930, Nourse, J., *pro tem.*, not voting.