Filed 6/4/15   Opn after rehearing

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KEELY MARONEY, | B249890 |
| Plaintiff and Appellant | (Los Angeles County |
| v. | Super. Ct. No. EC052886) |
| ASAF IACOBSOHN et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William D. Stewart, Judge.  Affirmed.

Fonda & Fraser, LLP, Daniel K. Dik and Hollis O. Dyer for Plaintiff and Appellant.

Shaver, Korff & Castronovo LLP, Tod M. Castronovo and Edie L. Brookes for Defendants and Respondents.

_____

# INTRODUCTION

This appeal principally concerns the jurisdictional deadlines for noticing and ruling on a motion for new trial under Code of Civil Procedure[1] sections 659 and 660. Specifically, we must decide whether service of notice of entry of judgment *by the party moving for new trial* triggers the statutes' jurisdictional deadlines. We hold that it does not.

The appeal arises from a rear end automobile accident; however, the issues presented are entirely procedural. The case was tried to a jury, which returned a verdict in favor plaintiff Keely Maroney (Plaintiff), apportioning 40 percent of the fault to Plaintiff and 60 percent to defendant Asaf Iacobsohn (Defendant).[2] Following entry of judgment, Defendant moved to recover costs based on Plaintiff's rejection of an offer to compromise pursuant to section 998. Plaintiff responded with a motion to tax costs, which included a file-stamped copy of the judgment as an exhibit. Twenty-two days later, Plaintiff filed a notice of intention to move for new trial. The notice specified inadequate damages, insufficiency of the evidence, and error in law as grounds for relief.

Defendant opposed the motion on the merits, but also argued Plaintiff's notice of intention had been filed too late and the trial court's jurisdiction to rule on the new trial motion had lapsed. In that regard, Defendant maintained the jurisdictional time period began to run when Plaintiff served Defendant with the file-stamped copy of the judgment as an exhibit to her motion to tax costs.

Eighty-two days after Plaintiff served her motion to tax costs, but only 60 days after Plaintiff filed her notice of intention to move for new trial, the trial court held a hearing on the new trial motion. The court expressed its agreement with Defendant that its jurisdiction to rule on the motion had expired. Nevertheless, the court stated it would

---

[1] Subsequent statutory references are to the Code of Civil Procedure.

[2] The judgment provides that defendants Pac West Corporation and M.Y. Iacobsohn are jointly and severally liable with Asaf Iacobsohn for certain portions of Plaintiff's damages award. For ease of reference, we will refer to all defendants as "Defendant."

make "a conditional order granting [the] motion for new trial," conditioned on an appellate court ruling its jurisdiction had not lapsed. The court filed a minute order the same day "conditionally grant[ing]" Plaintiff's new trial motion.

Plaintiff purports to appeal from the order conditionally granting her new trial motion. Defendant also appeals from the order and has filed a motion to dismiss Plaintiff's appeal on the ground she lacks standing to challenge an order granting her motion. Plaintiff contends she has appellate standing because the conditional grant "effectively denied the motion for new trial" inasmuch as the trial court, "finding that it had lost jurisdiction," determined it could not order a new trial without appellate authorization. (Underscore and italics omitted.) We must therefore decide whether the trial court had jurisdiction to rule on the motion and, if so, what the legal effect of the conditional order is.

We conclude the trial court had jurisdiction to rule, but its order conditionally granting a new trial was a nullity with no legal effect. It is settled that the right to a new trial is purely statutory and the power of the trial court to grant a new trial may be exercised only by following the statutory procedure. As we shall explain, the trial court had jurisdiction to rule on the new trial motion, because notice of entry of judgment was never served "on the moving party" as required by section 660. However, the court was not authorized to enter an order conditioning the grant of a new trial on Plaintiff securing a favorable appellate determination of the jurisdictional issue. Because the order purported to require the parties to seek appellate review in the absence of a final judgment or an enforceable new trial order, we conclude the order was a nullity. Further, because the court did not file a valid order ruling on the new trial motion before its jurisdiction expired, the motion was denied by operation of law. Though we may review a denial by operation of law on an appeal from the judgment, Plaintiff has not supplied an adequate record to establish grounds for reversal. Accordingly, the judgment is affirmed and Defendant's appeal is dismissed.

3

## FACTS AND PROCEDURAL HISTORY

The underlying automobile accident occurred after Plaintiff made a right turn on a red light and "double parked" in a traffic lane where she waited for her passenger to use an automated teller machine. Defendant testified that he did not see Plaintiff turn into his lane, nor did he see her vehicle's warning lights until it was too late to avoid a collision. Defendant admitted to some fault for the accident, and the case proceeded to trial principally on the issue of Plaintiff's compensable damages.

Prior to trial, Defendant served Plaintiff with a section 998 offer to compromise for $200,000, with each side to bear its own costs. Plaintiff did not accept the offer.

The jury returned a verdict for Plaintiff, finding her compensable damages totaled $73,450 for past and future economic and noneconomic injuries. With respect to comparative fault, the jury determined Plaintiff's negligence was a substantial factor in causing her injuries, and apportioned 40 percent of the fault to Plaintiff and 60 percent to Defendant, resulting in a judgment for Plaintiff in the amount of $44,070. On February 25, 2013, the trial court entered judgment on the jury's verdict. The clerk of the court did not serve notice of entry of judgment on the parties.

On March 5, 2013, Defendant filed a memorandum of costs seeking $39,996.46 pursuant to section 998.

On March 21, 2013, Plaintiff filed a motion to tax costs. Plaintiff supported the motion with the declaration of her counsel, which included a file-stamped copy of the judgment attached as an exhibit. Plaintiff served the motion on Defendant the same day.

On April 12, 2013—22 days after serving a file-stamped copy of the judgment with her motion to tax costs—Plaintiff filed a notice of intention to move for new trial. The notice specified inadequate damages, insufficiency of the evidence to justify the verdict, and error in law as grounds for the new trial motion. In her subsequent memorandum of points and authorities, Plaintiff argued damages were inadequate because the evidence showed she incurred medical expenses totaling $275,930 as a result of the accident, the evidence was insufficient to find her comparatively negligent, and the trial court erred by giving a comparative negligence jury instruction.

4

On May 24, 2013, Defendant filed his opposition to Plaintiff's new trial motion. The opposition focused on the merits of Plaintiff's asserted grounds for new trial, arguing the credibility of Plaintiff's medical evidence had been severely impeached and the evidence of Plaintiff double parking in a traffic lane supported the comparative fault instruction and finding.

On June 7, 2013, the trial court held an initial hearing on the new trial motion. The court announced its tentative ruling was to grant the motion on the ground of insufficient evidence with respect to the jury's allocation of 40 percent comparative fault to Plaintiff. However, with respect to the comparative fault instruction, the court clarified that, in its view, the evidence of Plaintiff "double parking" was sufficient to submit the question to the jury.

In the course of the hearing, the court inquired whether the parties gave notice of entry of judgment. Plaintiff's counsel responded that he believed his office gave notice, prompting Defendant's counsel to suggest the court's jurisdiction to rule on the motion might have expired. Neither party could confirm the date notice was given; accordingly, the court adjourned the hearing to investigate the jurisdictional issue.

On June 11, 2013—82 days after Plaintiff served a file-stamped copy of the judgment with her motion to tax costs, but only 60 days after she filed her notice of intention to move for new trial—the court held the continued hearing on the new trial motion. Relying principally on *Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265 (*Palmer*), Defendant argued Plaintiff's service of a file-stamped copy of the judgment with her motion to tax costs constituted written notice of entry of judgment sufficient to trigger the 60-day jurisdictional period for ruling on her new trial motion.[3] Because

---

[3] In *Palmer*, our Supreme Court confirmed that "[t]he written notice of entry of judgment served on the party who moves for a new trial need not, for the purposes of [sections 659 and 660], be a separate document entitled 'notice of entry of judgment.'" (*Palmer, supra,* 30 Cal.4th at p. 1277.) Rather, the court reaffirmed that "no particular form of notice is required, and that in counties that do not maintain a judgment book a file-stamped copy of the judgment suffices as 'written notice'" for the purpose of commencing the jurisdictional time periods under these statutes. (*Ibid.*)

82 days had passed since Plaintiff served such notice, Defendant maintained the court's jurisdiction to rule had lapsed.

After reviewing *Palmer*, the trial court stated it "agree[d] with [the] defense that the court's power has expired." Nevertheless, the court reasoned that what it "should do is make a conditional order granting a motion for new trial in the event that a superior [appellate] court should find that . . . the jurisdiction of time [*sic*] has not expired." The trial court clarified that the conditional nature of its ruling meant that, until an appellate court found it had jurisdiction to rule, "there is no new trial." Plaintiff's counsel did not object to the condition, and acknowledged Plaintiff would bear the burden of challenging the ruling on appeal. Later that day, the court filed a minute order "conditionally grant[ing]" Plaintiff's new trial motion "on the grounds as fully set forth in the notes of the Official Court Reporter . . . ."

On July 2, 2013, Plaintiff filed a notice of appeal on Judicial Council form APP-002. With respect to the order appealed from, Plaintiff checked the box for "[a]n order or judgment under Code of Civil Procedure section 904.1(a)(3)-(13)" and the box for "Other," after which she provided the following description: "Order on motion for new trial, provisionally granting new trial on all issues, but finding that [the] Superior Court had lost jurisdiction, Code of Civil Procedure section 659."

On July 25, 2013, Defendant filed a notice of appeal from the "order granting plaintiff's motion for new trial entered on June 11, 2013."

On November 4, 2013, Defendant filed a motion to dismiss Plaintiff's appeal. The motion argued the conditional order on Plaintiff's new trial motion could be interpreted as either a grant or denial of a new trial, but regardless of the construction, Plaintiff's appeal should be dismissed. That is, Defendant argued, if the order is construed as a grant of new trial, then Plaintiff is not an aggrieved party with standing to appeal. (See § 902.) Conversely, if the order is deemed a denial of the new trial motion, then, Defendant argued, appellate jurisdiction is lacking, because a denial is not an appealable order. (See § 904.1, subd. (a).)

6

In opposition to the motion, Plaintiff argued she had standing because the conditional order "effectively denied the motion for new trial" inasmuch as the trial court confirmed it would not order a new trial without subsequent appellate review of the jurisdictional issue. (Underscore and italics omitted.) Plaintiff also argued her notice of appeal could be liberally construed as an appeal from the underlying judgment.

We deferred ruling on the motion to dismiss pending briefing and oral argument on the merits. For the reasons expressed in this opinion, we now deny Defendant's motion to dismiss and will treat Plaintiff's appeal as an appeal from the judgment.

## DISCUSSION

1. *Service by a Party of Notice of Entry of Judgment Does Not Commence the Time for Ruling on a New Trial Motion Unless the Moving Party Is Served*

In this case we must decide under the applicable statutes whether the trial court had jurisdiction to rule on Plaintiff's new trial motion when the court entered its conditional order. This question turns on whether the jurisdictional clock started to run upon Plaintiff's service of the file-stamped copy of the judgment with her motion to tax costs, or upon Plaintiff's filing of her notice of intention to move for new trial. If it is the former, then Plaintiff's notice of intention to move for new trial—filed 22 days after Plaintiff served the file-stamped copy of the judgment—was too late to confer jurisdiction on the trial court. (See § 659, subd. (a)(2).) If it is the latter, and the notice of intention was filed on time, then the court had jurisdiction to rule when it entered its conditional order 60 days later.[4] (See § 660.) "The issue as to what triggers the

---

[4] Indeed, this issue implicates our own jurisdiction to entertain the appeal, for if the jurisdictional clock started to run with Plaintiff's service of the file-stamped copy of the judgment, then her notice of intention to move for new trial was untimely, as was her notice of appeal. Ordinarily, if the superior court clerk has not served notice of entry of judgment, a notice of appeal must be filed on or before the earliest of "(B) *60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service*; or [¶] (C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.104(a)(1), italics added.) If, however, a party serves and files a valid notice of intention to move for a new trial, then the time to appeal from the

7

commencement of time within which to rule on a motion for new trial involves a pure question of statutory interpretation, which we review de novo." (*People ex rel. Dept. of Transportation v. Cherry Highland Properties* (1999) 76 Cal.App.4th 257, 260 (*Cherry Highland*).)

The resolution of this issue is controlled by the express language of sections 659 and 660. In relevant part, section 659 requires the party intending to move for a new trial to file a notice of intention within the earlier of "15 days of the date of . . . *service upon him or her* by any party of written notice of entry of judgment, or . . . 180 days after the entry of judgment." (Italics added.) Similarly, section 660 provides in pertinent part: "[T]he power of the court to rule on a motion for a new trial shall expire . . . 60 days from and after *service on the moving party* by any party of written notice of the entry of the judgment, . . . or if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for a new trial."[5] (Italics added.)

---

judgment is extended until the earliest of "(A) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order; [¶] (B) 30 days after denial of the motion by operation of law; or [¶] (C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.108(b)(1).) Thus, if Plaintiff's service of the file-stamped copy of the judgment started the 15-day time limit within which to file a notice of intention to move for new trial (§ 659, subd. (a)(2)), then her notice of intention—filed 22 days later—was untimely, and her notice of appeal—filed 103 days after service of the file-stamped copy of the judgment—was also too late. In that case, we would have no jurisdiction to consider this appeal. (See *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 (*Van Beurden*) ["The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal."].) However, as we explain in this opinion, Plaintiff's notice of intention to move for new trial was filed on time, and the new trial motion was denied by operation of law on June 11, 2013. Accordingly, Plaintiff's notice of appeal—filed 21 days later—was timely under rule 8.108(b)(1)(B).

[5] The jurisdictional deadlines under sections 659 and 660 also may be triggered by the clerk of the court mailing notice of entry of judgment pursuant to section 664.5. Because it is undisputed that the clerk did not mail notice to the parties in this case, we have omitted this language from the quoted text.

8

Here, even if we assume that attaching a file-stamped copy of the judgment to a motion to tax costs constitutes notice of entry of judgment under sections 659 and 660, we still must conclude that Plaintiff's service of the document on Defendant did not trigger the statutes' jurisdictional deadlines. This is because both statutes require service *on the moving party*, and Plaintiff—the moving party here—did not (and could not) serve notice of entry of judgment on herself. (See *Cherry Highland, supra,* 76 Cal.App.4th at p. 263 [likewise holding service of notice of entry of judgment by party moving for new trial does not trigger section 660's jurisdictional time period], overruled on other grounds by *Palmer, supra,* 30 Cal.4th at p. 1278, fn. 5.) Accordingly, Plaintiff timely filed her notice of intention to move for new trial under section 659, and that act commenced the 60-day jurisdictional period for the court to rule on her motion under section 660.

Notwithstanding the statutes' express language, Defendant contends Plaintiff waived the requirement of "service on the moving party" by attaching a file-stamped copy of the judgment to her motion to tax costs. For support, Defendant relies on *Gardner v. Stare* (1901) 135 Cal. 118 (*Gardner*). In *Gardner*, the Supreme Court held the moving party's application to stay execution of the judgment, which admitted the party's knowledge of the judgment, constituted "a waiver of [the party's] right to a notice of the decision" under a former version of section 659. (*Gardner,* at pp. 119-120.) When *Gardner* was decided, former section 659 read in pertinent part: "The party intending to move for a new trial must, within ten days after . . . notice of the decision of the court . . . file with the clerk and serve upon the adverse party a notice of his intention . . . ." (Former § 659, added by Stats. 1872 and amended by Stats. 1873-1874 ch. 383, § 85.) Because the moving party filed her notice of intention 12 days after serving her application to stay execution of the judgment, *Gardner* held the trial court "had no jurisdiction to hear her motion for a new trial." (*Gardner,* at p. 120.)

*Gardner* does not control the jurisdictional issue in this case. To begin, *Gardner* was decided pursuant to a former version of section 659, under which the jurisdictional clock started upon "notice of the decision." (*Gardner, supra,* 135 Cal. at p. 119.) In contrast, the current iteration of section 659 expressly mandates that a party's time to file

9

a notice of intention is not shortened unless there has been "*service upon him or her* by any party of written notice of entry of judgment."[6] The moving party in *Gardner* plainly had "notice of the decision" and could knowingly waive the right to such notice from the other party by her affirmative act. Here, by contrast, Plaintiff was never served with notice of entry of judgment, and she had little reason to believe that attaching a copy of the judgment to her motion to tax costs might waive the express condition of "service" mandated by section 659.

Furthermore, due to the jurisdictional implications of the new trial statutes, recent Supreme Court authority emphasizes the need for strict adherence to statutory language, notwithstanding the sort of practical concerns over notice and expediency at play in *Gardner*. In *Van Beurden*, the Supreme Court considered what was required to commence section 660's jurisdictional time period under the provision pertaining to "the mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5."[7] (§ 660; *Van Beurden, supra,* 15 Cal.4th at pp. 56-58.) There was no dispute in the case that the clerk of the court mailed a file-stamped copy of the judgment to the moving party more than 60 days before the trial court ruled on the new trial motion. (*Van*

---

[6] To be clear, under section 659, the 180-day deadline to serve a notice of intention to move for new trial begins to run upon entry of judgment. This period is shortened to 15 days if the clerk of the court mails notice of entry of judgment pursuant to section 664.5 or any party serves written notice of entry of judgment upon the moving party. (§ 659, subd. (a)(2).)

[7] As in this case (see fn. 4, *ante*), in *Van Beurden*, the question of whether the trial court had jurisdiction to rule on the new trial motion, or whether the motion was denied by operation of law, implicated the appellate court's jurisdiction to entertain the appeal under California Rules of Court, rules 8.104 and 8.108. (See *Van Beurden, supra,* 15 Cal.4th at pp. 54-56.) The Court of Appeal in *Van Beurden*, drawing inferences from the record, concluded the clerk's mailing of a file-stamped copy of the judgment to the moving party was sufficient to trigger section 660's jurisdictional deadline, and the appeal, taken more than 60 days after the new trial motion was denied by operation of law, was untimely. (*Van Beurden,* at p. 55.) As we explain above, the Supreme Court in *Van Beurden* concluded inferences, speculation and guesswork are improper where jurisdictional matters are concerned, and reversed the Court of Appeal's order dismissing the appeal. (See *id.* at pp. 66-67.)

*Beurden,* at pp. 57-58.)  However, because section 660 expressly requires notice " 'pursuant to section 664.5,' " the *Van Beurden* court explained that "the clerk's mailing of the file-stamped copy of the judgment commenced the 60-day time limit for ruling on the new trial motion *only* if it constituted a formal 'notice of entry' of judgment mailed by the clerk '[u]pon order of the court.' "[8]  (*Van Beurden*, at pp. 57-58, quoting § 664.5.)

The question presented in *Van Beurden*, which had divided the Courts of Appeal, was "what constitutes evidence sufficient to establish that the clerk of the court mailed a 'notice of entry' of judgment '[u]pon order of the court' " in the absence of a written order.  (*Van Beurden, supra,* 15 Cal.4th at p. 61.)  Some courts had held a court order could be inferred from circumstances appearing in the record (see, e.g., *Pacific City Bank v. Los Caballeros Racquet & Sports Club, Ltd*. (1983) 148 Cal.App.3d 223, 227; *Younesi v. Lane* (1991) 228 Cal.App.3d 967, 974), while others had required an express written indication of the trial court's intention to have the clerk serve notice on the parties (see, e.g., *In re Marriage of Kepley* (1987) 193 Cal.App.3d 946, 950-951; *S M Trading, Inc. v. Kono* (1988) 198 Cal.App.3d 749, 756).  In view of the jurisdictional implications of the clerk's mailing, and to "avoid uncertainty" in matters affecting jurisdiction, the Supreme Court sided with those courts requiring an express written indication of a court order, holding:  "[W]hen the clerk of the court mails a file-stamped copy of the judgment, it will shorten the time for ruling on the motion for a new trial *only when the order itself indicates that the court directed the clerk to mail 'notice of entry' of judgment*."  (*Van Beurden,* at p. 64, italics added.)

---

[8]     As pertinent to the issue addressed in *Van Beurden*, section 664.5, subdivision (d) provides:  "Upon order of the court in any action or special proceeding, the clerk shall mail notice of entry of any judgment or ruling, whether or not appealable."

Applying the rule to the facts of the case, the *Van Beurden* court concluded the trial court had jurisdiction when it ruled on the new trial motion. While there was no dispute that the moving party received notice of the judgment from the clerk's mailing, it could not be ascertained, without "speculation," whether the clerk mailed the judgment " 'upon order of the court,' " as required by the express language of sections 664.5 and 660. (*Van Beurden, supra,* 15 Cal.4th at pp. 65-66.) Because parties and courts cannot be required to speculate about jurisdictional time limits, the *Van Beurden* court concluded the trial court's ruling, and the subsequent appeal from the judgment (see fn. 7, *ante*), "must be deemed timely." (*Id.* at pp. 64, 67.)

As indicated, a critical linchpin of the *Van Beurden* decision is the Supreme Court's admonition that "in a matter involving jurisdictional restrictions" there should be no need for " 'guesswork.' " (*Van Beurden, supra,* 15 Cal.4th at p. 62.) *Van Beurden* thus reflects the modern view that jurisdictional statutes must be strictly construed according to their express language to ensure that parties and courts are not required to speculate about jurisdictional time limits. (*Id.* at p. 64; see also *S M Trading v. Kono, supra,* 198 Cal.App.3d at p. 756 ["We consider the greatest evil to be the uncertainty as to the time limit for filing a notice of appeal created under the present state of the law."].) And, as *Van Beurden* also demonstrates, this modern view eschews jurisdictional forfeitures, even where, as a practical matter, the party moving for new trial indisputably had notice of entry of judgment. Thus, notwithstanding the practical considerations that compelled the high court in *Gardner* to find a waiver under former section 659 more than a century ago, under the Supreme Court's more recent jurisprudence, it is clear that strict

adherence to statutory language must dictate the resolution of jurisdictional issues in order to achieve certainty in these vital matters.[9]

Consistent with *Van Beurden* and the express language of sections 659 and 660, we hold that, absent notice mailed by the court clerk pursuant to section 664.5, a party must serve notice of entry of judgment *on the moving party* to shorten the 180-day deadline under section 659 and to start the 60-day jurisdictional clock under section 660. Because Plaintiff was not served with notice of entry of judgment, her notice of intention was filed on time, and the trial court had jurisdiction to rule on the new trial motion when it purported to enter its conditional order 60 days later. We turn now to the legal effect of the conditional order.

2.      *The Trial Court's Order Conditioning a New Trial on Appellate Review of the Court's Jurisdiction Is a Nullity with No Legal Effect*

Though we have concluded the trial court had jurisdiction to rule on Plaintiff's new trial motion, this does not mean the court was authorized to enter an order that conditioned the grant of a new trial on a favorable appellate resolution of the disputed jurisdictional issue. It has long been settled that "[t]he right to a new trial is purely statutory," and a motion for new trial can be granted only as provided in the applicable statutes. (*Fomco, Inc. v. Joe Maggio, Inc*. (1961) 55 Cal.2d 162, 166.) "Because new trial motions are creatures of statute, ' "the procedural steps . . . for making and determining such a motion are mandatory and must be strictly followed [citations]." ' "

---

[9]      For the same reasons, Defendant's reliance on *Isleton Canning Co. v. Superior Court of San Francisco* (1930) 104 Cal.App. 687 is misplaced. Similar to *Gardner*, *Iselton* was decided under a former version of section 659 that required only " 'written notice of the entry of the judgment' "—not service on the moving party. (*Iselton,* at p. 688.) In holding the moving party's service of written notice on the defendant was sufficient to start the clock under former section 659, the *Iselton* court observed, "As the law does not require the performance of idle acts no good reason appears for construing the statute as requiring each party to serve on the other party a formal written notice in order to cut out delays in litigation." (*Id.* at p. 689.) As we have explained, under modern Supreme Court jurisprudence, the *Iselton* court's concern for expediency must yield to the requirements of clarity and certainty in jurisdictional matters. (See *Van Beurden, supra,* 15 Cal.4th at p. 62.)

13

(*Wall Street Network, Ltd. v. New York Times Co*. (2008) 164 Cal.App.4th 1171, 1193; *Mercer v. Perez* (1968) 68 Cal.2d 104, 118 (*Mercer*).)  When a trial court purports to issue a new trial ruling without following the mandated procedure, the resulting order is "an act in excess of jurisdiction and is therefore a nullity." (*La Manna v. Stewart* (1975) 13 Cal.3d 413, 418.)

In this case, the trial court entered an order purporting to grant Plaintiff's motion for new trial on the condition that Plaintiff would file an appeal from the order and secure a favorable appellate ruling on the trial court's jurisdiction.  Nothing in the new trial statutes authorizes the court to enter such an order, which effectively requires appellate review of what is in essence an interlocutory order.  That is, the court's order on the one hand purports to set aside the judgment on the jury's verdict by granting a new trial, while on the other hand, the order specifies that no new trial will take place unless and until an appellate court resolves the jurisdictional timing issue in the moving party's favor.  This procedural state of limbo, in which there is neither a valid final judgment nor an enforceable new trial order, is contrary to the orderly administration of justice that the new trial statutes are meant to promote.  (See, e.g., *Mercer, supra,* 68 Cal.2d at p. 123.)  The conditional order in this case is a nullity that we can neither reverse nor affirm.[10]

---

[10]    For this reason we reject Plaintiff's invitation to disregard the improper condition and treat the order as an effective grant of a new trial.  Though our Supreme Court has recognized that " '[a] void condition can have no effect on an otherwise *valid* order' " (*Schelbauer v. Butler Manufacturing Co.* (1984) 35 Cal.3d 442, 455, italics added), we cannot construe the subject order as valid in this case.  For instance, unlike the improper remittitur in *Schelbauer*, which resulted in the denial of the defendant's new trial motion and a final appealable judgment (*Id.* at pp. 448-449), the improper condition in this case leaves the parties with what is in essence an unappealable order—a point underscored by the fact that the court assigned *Plaintiff* the burden of challenging the order on appeal, even though the order ostensibly *granted* Plaintiff's new trial motion.  Add to this the fact that the trial court failed to provide a written statement of its grounds and reasons for purportedly granting the new trial motion, in contravention of section 657's mandate, and there is simply no way to construe the order as anything other than a legal nullity.

14

Because the trial court failed to enter a valid order within the time allowed by section 660, Plaintiff's motion for new trial was denied by operation of law. Though the trial court erred in concluding it lacked jurisdiction to rule on the motion, there is nothing we can do now to reinstate or revive the motion in the court below.[11] (*Free v. Furr* (1956) 140 Cal.App.2d 378, 385-386 (*Free*) [where trial court erred in holding it lacked jurisdiction to rule on a new trial motion due to the filing of an appeal, plaintiff's only remedy was to apply to the appellate court for a writ of mandate ordering the trial judge to proceed with hearing the motion within the time allowed by section 660]; see also *Mercer, supra,* 68 Cal.2d at pp. 122-123 [holding Supreme Court had no power to revive the trial court's jurisdiction to specify reasons for granting a new trial where trial court failed to comply with section 657, discussing *Free* with approval].)

Further, while the denial by operation of law can be reviewed on an appeal from the judgment (*Free, supra,* 140 Cal.App.2d at p. 386), here, Plaintiff has not supplied an adequate record to establish grounds for reversal. The record consists almost exclusively of the moving and opposition papers on Plaintiff's new trial motion, and hearing transcripts on the same. Apart from excerpts of trial testimony attached to the parties' briefs, we have no record of the evidence presented at trial. The trial record that we do have, however, shows there was conflicting evidence on the extent of Plaintiff's injuries

---

[11]    Nor is there any sense in which we could remand the matter for reconsideration. As we have concluded the trial court failed to enter a valid order within the jurisdictional period, and the new trial motion was denied by operation of law, the trial court no longer has jurisdiction to rule on the motion. (*Siegal v. Superior Court* (1968) 68 Cal.2d 97, 101 ["The time limits of section 660 are mandatory and jurisdictional, and an order made after the 60-day period purporting to rule on a motion for new trial is in excess of the court's jurisdiction and void"]; *Meskell v. Culver City Unified School Dist.* (1970) 12 Cal.App.3d 815, 822 [order granting new trial entered 61 days after service of notice of entry of judgment was made in excess of jurisdiction]; *Westrec Marina Management, Inc. v. Jardine Ins. Brokers Orange County, Inc.* (2000) 85 Cal.App.4th 1042, 1048 ["Once the 60 days had run, the motion was denied by operation of law, and the court lacked jurisdiction to act on it"]; cf. *Barrese v. Murray* (2011) 198 Cal.App.4th 494, 496, 502-503, 508 [remanding to trial court to rehear appellant's motion for new trial where trial court denied motion within the jurisdictional period based on erroneous belief it could not reweigh evidence].)

15

and whether her own conduct constituted negligence sufficient to support the jury's comparative fault determinations. In considering Plaintiff's new trial motion, the trial court had the power to reweigh this evidence in its exclusive role as the thirteenth juror. However, as an appellate court reviewing the judgment, we are bound by the jury's findings so long as they are supported by substantial evidence. (See *Holmes v. Southern Cal. Edison Co.* (1947) 78 Cal.App.2d 43, 51-52 ["The trial judge sits as a thirteenth juror with the power to weigh the evidence and judge the credibility of the witnesses. If he believes the damages awarded by the jury to be excessive and the question is presented it becomes his duty to reduce them. . . . An appellate court has no such powers. It cannot weigh the evidence and pass on the credibility of the witnesses as a juror does. . . . [I]f there is substantial evidence in the record supporting the damages awarded by the jury . . . , we are powerless to reduce them or to hold the award excessive."].)

The record supplied by Plaintiff fails to establish grounds for reversing the judgment. Accordingly, we must affirm. (See *Free, supra,* 140 Cal.App.2d at p. 386.)

**DISPOSITION**

The judgment is affirmed.  The appeal by Defendants Asaf Iacobsohn, M.Y. Iacobsohn and Pac West Corporation from the purported order conditionally granting a new trial is dismissed.  Defendants are entitled to costs on appeal.

**CERTIFIED FOR PUBLICATION**

KITCHING, Acting P. J.

We concur:

ALDRICH, J.

KUSSMAN, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.