Filed 1/9/26  Arriola v. Ramirez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ANDREW MARTIN ARRIOLA, | B333438 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23STRO00568) |
| v. | |
| RENE RAMIREZ, | |
| Defendant and Appellant. | |

APPEALS from a judgment and orders of the Superior Court of Los Angeles County, Dean H. Hansell, Judge.  Appeals dismissed in part and affirmed in part.

Ropers Majeski and Edward A. Hoffman for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

————————————————

Rene Ramirez appeals from a one-year civil harassment restraining order protecting Andrew Martin Arriola and awarding him attorney fees. Ramirez also appeals the trial court's denials of his motions for new trial and judgment notwithstanding the verdict (JNOV). First, Ramirez's appeal from the restraining order is untimely; we dismiss the appeal from that order because we lack jurisdiction to consider it. Second, the denial of the new trial motion is not independently appealable and would only be reviewable on appeal from the restraining order if that appeal had been timely; further, because the new trial motion was not timely filed in the trial court, its denial did not extend the time to appeal from the restraining order. Third, while we have jurisdiction to consider the appeal from the denial of the JNOV motion, we affirm the trial court's denial of the motion as procedurally invalid and untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Arriola's Request for a Civil Harassment Restraining Order*

In January 2023 Arriola filed a request for a civil harassment restraining order to protect himself, his wife, and their three children from Ramirez. His declaration described the following facts. In October 2022 Arriola, while working as a process server, attempted to serve legal papers at a house in Hacienda Heights. After he knocked on the front door, the door "violently swung open" and a "large man," Angel De La Torre, started yelling and cursing at him. De La Torre then sprinted after Arriola and chased him through the streets. Arriola pepper sprayed De La Torre, but De La Torre resumed the chase, pepper sprayed Arriola, and punched him. Arriola punched back, knocking De La Torre to the ground. De La Torre yelled "fuck

2

you!" and ran back toward his house. Arriola ran the other way, yelling, "Help! Please! I am being attacked. Call 911!" He also called 911 and was told deputies were on their way.

Two men and a woman approached Arriola. One of the men—Ramirez—yelled, "You! Show me your hands, get down on the ground[,] or I'll blow your fucking head off!" Once Arriola lay face down on the cement, Ramirez continued, "Don't fucking move, or I'll blow your fucking brains out!" Arriola tried to explain there was a misunderstanding, but Ramirez cut him off and told him to "shut the fuck up!" De La Torre then returned, yelling, "There you are bitch!" Ramirez shouted at Arriola, "This isn't your first time doing this huh?" Arriola again tried to explain, but Ramirez interrupted him again, yelling "shut the fuck up or I'll put a fucking hole in your head! Do you hear me?"

Deputies from the Los Angeles County Sheriff's Department arrived. Arriola explained what happened; no one was arrested.

B.    *The Hearing and Grant of the Restraining Order*

The court held a hearing on Arriola's petition on April 25, 2023. It admitted Arriola's declaration into evidence. Arriola testified and called a witness—a retired police officer with whom Arriola was on the phone when Ramirez drew his gun. Arriola also played a recording of the call between him and the officer. Ramirez testified on his own behalf.

The court granted a one-year restraining order protecting Arriola only (not his family members), after finding Ramirez made a credible threat of violence and had engaged in a course of conduct directed at Arriola that served no legitimate purpose. The court also awarded Arriola $1,250 in attorney fees.

At the conclusion of the hearing, the court stated, "I'm going to direct Mr. Ramirez, that you remain here long enough for the deputy to serve you with the restraining order. And with that, I'm going to go in recess. And [Arriola's counsel], you'll get a copy of the restraining order as well." The deputy then handed Ramirez a copy of the file-stamped restraining order.

C.      *Ramirez's Motions for JNOV and New Trial*

Almost four months later, on August 18, 2023, Ramirez filed motions for JNOV (Civ. Proc. Code, § 629[1]) and for a new trial (§ 657). Relevant here, he argued the motions were timely under section 659, subdivision (a)(2), which he claimed requires such motions to be filed either within 180 days after entry of judgment or within 15 days of the clerk mailing or a party serving written notice of entry, whichever is earliest. Ramirez contended that neither the court nor the opposing party had triggered the 15-day deadline by serving him. He argued that receiving a file-stamped copy of the order from a courtroom deputy at the April 25 hearing did not satisfy section 659's requirements, because "(a) the deputy is not the clerk, (b) handing someone a document is not the same as mailing it, and (c) the document does not say it was mailed" pursuant to a court order or section 664.5. According to Ramirez, the 15-day deadline began instead on August 3, when Arriola's attorney emailed the order to Ramirez's new counsel. In a supporting declaration, Ramirez stated that the only copy of the restraining order he received was the one handed to him by a uniformed

---

[1]      Statutory references are to the Code of Civil Procedure.

4

deputy in the courtroom and that neither the court clerk nor Arriola's counsel served any other copy.

On October 16, 2023, the trial court found the JNOV motion was procedurally defective because such a motion is properly brought only after a jury verdict, while here there was a bench trial. The court also found both posttrial motions were untimely and concluded it therefore lacked jurisdiction to consider them. The court noted Ramirez had filed the motions nearly four months "after personal service of the restraining order" on the day of the April hearing. The court explained that under section 659, such service by the court triggered a 15-day filing deadline for the posttrial motions. It determined that, though section 664.5 "requires 'service of the order' by the Court, it does not require the clerk to mail the order in order for service to be valid." The court stated that in civil harassment and domestic violence cases, bailiffs—rather than clerks—often serve orders to avoid exposing clerks to safety risks.

On October 23, 2023, Ramirez appealed the April 25, 2023 restraining order and its award of attorney fees, as well as the October 16, 2023 order denying his JNOV motion. He also purported to appeal from the denial of the motion for new trial. As discussed below, an order denying a JNOV motion is appealable, but the denial of a motion for new trial is not.

## DISCUSSION

A.    *Ramirez Did Not Timely Appeal from the Restraining Order*
The "filing of a timely notice of appeal is a jurisdictional prerequisite. 'Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must

dismiss the appeal.' " (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113; accord, *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 279 [" ' "If a notice of appeal is filed late, the reviewing court must dismiss the appeal." ' "]; Cal. Rules of Court, rule 8.104(b).)[2]

Rule 8.104 sets forth the relevant deadlines for an appeal from a judgment or appealable order:  Unless a statute or court rule provides otherwise, a notice of appeal must be filed on or before the earliest of 60 days after service by the superior court clerk of a filed-endorsed[3] copy of the judgment or appealable order, 60 days after notice of entry of the judgment is served by a party, or 180 days after entry of judgment.  (Rule 8.104(a)(1)(A)-(C), (e); see *Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 649.)

Ramirez contends he timely appealed the restraining order because the 180-day deadline from the entry of judgment (rule 8.104(a)(1)(C)) applies here, not the 60-day deadline (rule 8.104(a)(1)(A)) from the date he was handed the restraining order.  Ramirez states that October 23, the date he filed the notice of appeal, was the 180th day after entry of the judgment.[4] He contends the courtroom deputy's actions of handing him a filed-endorsed copy of the restraining order after the hearing on

---

[2]    References to rules are to the California Rules of Court.

[3]    "Endorsed" is a broader term than "stamped" and encompasses electronically filed documents.  (*Huff v. Interior Specialists, Inc.* (2024) 107 Cal.App.5th 970, 981.)

[4]    October 23 was technically 181 days after the entry of the judgment, but because the 180th day, October 22, was a Sunday, the deadline under rule 8.104(a)(1)(C) would be extended to October 23.  (Rule 1.10(b).)

6

April 25, 2023 did not trigger the 60-day deadline under rule 8.104(a)(1)(A).  Ramirez is incorrect.

A superior court clerk's service of a filed-endorsed copy of the judgment or appealable order triggers a 60-day deadline to file a notice of appeal.  (Rule 8.104(a)(1)(A), (e).)  "Any act required or permitted to be performed by the clerk of a court may be performed by a judge thereof."  (§ 167.)  Here, the judge directed the courtroom deputy to serve the restraining order on Ramirez at the conclusion of the April 23, 2023 hearing.  In doing so, the judge, in lieu of the clerk, effectuated personal service on Ramirez.  (See rule 8.104(a)(2) [service by court "may be by any method permitted by the Code of Civil Procedure," which includes personal service under § 1011].)  It is inconsequential that the courtroom deputy was the individual who physically handed the order to Ramirez.  Personal service requires "delivery to the party or attorney on whom the service is required to be made"; it does not mean the delivery must be done physically by the party seeking to accomplish personal service.  (See § 1011 [describing personal service on the party or attorney who is being served, but not specifying who must serve the document]; *Heinlen v. Heilbron* (1892) 94 Cal. 636, 640 (1892) [personal service "need not be made by the individual who is attempting to make the service, but can be effected through a clerk or messenger, or through any agency by which a 'delivery' can be made; and when the notice is so delivered the service becomes a personal service"]; accord, *Wright v. Mutz* (1943) 61 Cal.App.2d 292, 296.)

Thus, the judge's direction to the courtroom deputy to hand Ramirez a copy of the filed-endorsed restraining order satisfied rule 8.104(a)(1)(A), and the 60-day period to appeal the restraining order began to run at that point.  The deadline to

7

appeal was June 24, 2023.  Because Ramirez did not appeal from the restraining order until October 23, 2023, the appeal is untimely, and we lack jurisdiction to consider it.

B.    *The Denial of Ramirez's Untimely Motion for New Trial Is Not Appealable and Did Not Extend the Time To Appeal from the Restraining Order*

"An order denying a motion for a new trial is not directly appealable, but is reviewable on appeal from the underlying judgment."  (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 669, fn. 3; accord, *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19 ["it has long been settled that an order *denying* a motion for new trial is not independently appealable and may be reviewed only on appeal from the underlying judgment"].)  Thus, the denial of Ramirez's new trial motion is not separately appealable, and because the restraining order was not timely appealed, nor may we consider whether Ramirez's new trial motion was properly denied as part of the appeal from the restraining order.

Had Ramirez's motion for a new trial been "valid," its denial could have extended his deadline to appeal from the underlying restraining order until, as relevant here, 30 days after the court served the order denying the new trial motion.  (See rule 8.108(b) [providing for extension of time to appeal from the judgment "if any party serves and files a *valid* notice of intention to move for a new trial" and the motion is denied], italics added.)  However, Ramirez's motion for a new trial was not a "valid" motion—it was untimely—and thus it did not extend Ramirez's time to appeal the restraining order.  (See *Reyes v. Kruger* (2020)

8

55 Cal.App.5th 58, 66 ["a 'valid' motion for new trial under rule 8.108 is defined in part by the jurisdictional requirements for timely filing of the notice of intent under section 659"]; *id.* at p. 75 ["filing and service of a notice of intention to move for new trial . . . was not timely . . . and did not extend time under rule 8.108 for the filing of the notice of appeal"]; Advisory Committee com. following rule 8.108 ["As used in these provisions, the word 'valid' means only that the motion, election, request, or notice complies with *all procedural requirements*"], italics added.)

Ramirez's new trial motion was not timely because it was due within 15 days of April 25, 2023, the date the courtroom deputy personally served him with the restraining order, yet Ramirez waited to file it until August 18, 2023—nearly four months later.  (§ 659, subdivision (a)(2).)  Under section 659, subdivision (a)(2), parties intending to move for a new trial must do so "[w]ithin 15 days of the date of serving notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon them by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest."  These time limits are jurisdictional. (*Simgel Co., Inc. v. Jaguar Land Rover North America, LLC* (2020) 55 Cal.App.5th 305, 314.)  " 'The issue as to what triggers the commencement of time within which to rule on a motion for new trial involves a pure question of statutory interpretation, which we review de novo.' "  (*Maroney v. Iacobsohn* (2015) 237 Cal.App.4th 473, 480; see *Doe v. County of Orange* (2025) 113 Cal.App.5th 1276, 1276.)

Contrary to Ramirez's assertions, personal service on Ramirez, effectuated by the courtroom deputy at the court's direction, qualified as service of "notice of entry of judgment by

9

the clerk of the court pursuant to Section 664.5" and triggered section 659's 15-day deadline.  (§ 659, subd. (a)(2).)[5]  As discussed, a judge may perform "[a]ny act required or permitted to be performed by the clerk of a court" (§ 167), including serving notice of entry of judgment.  Personal service of the restraining order on Ramirez triggered the 15-day deadline to file a new trial motion.

Ramirez relies on *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 52, which held that notice of entry mailed by the clerk must affirmatively state that it was given under court order or under section 664.5, and be accompanied by a certificate of mailing.  But *Van Beurden* involved *mailed* notice.  As the trial court correctly noted:  "[Ramirez] may have been correct until 2017.  In 2017 the California Legislature enacted Assembly Bill 976[,] . . . which removed the requirement [in section 664.5, subdivision (d)] that 'the clerk shall mail notice' and replaced it with the requirement that 'the court shall serve notice.' "  Under the amended statute, personal service by the court is sufficient.  Because *Van Beurden* only addressed when notice is mailed, its requirements are inapplicable in these circumstances.  (See *Van Beurden*, at p. 52.)  Here, the record reflects that personal service was effectuated at the end of the proceeding.  Thus, there was no need for a certificate of mailing.

---

[5]     Ramirez concedes that for purposes of section 659, "serving a conformed copy of a judgment is equivalent to serving a notice of entry."  (See *Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1267 [holding the statutory requirement of giving written notice of entry of judgment is satisfied by serving a copy of the file-stamped judgment].)

The trial court did not err in concluding the personal service of Ramirez on April 25, 2023 started the 15-day jurisdictional time limit under section 659.  Because Ramirez did not move for a new trial until August 18, 2023, the court correctly determined his motion was untimely.  And because the motion was therefore not "valid," its denial did not extend the time to appeal the restraining order.

C.    *The Motion for Judgment Notwithstanding the Verdict Was Not Valid and Was Properly Denied*

An order denying a JNOV motion is separately appealable. (See § 904.1, subd. (a)(4).)  Ramirez timely appealed from the court's order denying his JNOV motion.  However, we affirm the trial court's rulings that the motion was procedurally invalid.

First, the trial court correctly determined the JNOV motion was not a procedurally valid motion because the request for a restraining order was tried to a court, not a jury.  (See *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 819 [JNOV motion was not valid procedural mechanism because the underlying request for workplace violence protective order was tried to the court], disapproved of on another ground by *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124; *Herr v. Nestle U.S.A., Inc.* (2003) 109 Cal.App.4th 779, 788 [JNOV motion was "procedurally flaw[ed]" where there had been a bench trial, because the "JNOV procedure, by definition, applies to jury trials"]; § 629.)

Second, the trial court was correct that the JNOV motion was untimely.  The same deadlines set forth in section 659 for moving for a new trial apply to a JNOV motion.  (§ 629, subd. (b).)  The same 15-day deadline was triggered when the court had Ramirez personally served in court on April 25, 2023.

11

Thus, Ramirez's JNOV motion, filed on August 18, 2023, was late.

As with a new trial motion, the time limits for filing a JNOV motion are jurisdictional. (See *Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1270.) The trial court correctly determined it lacked jurisdiction to consider the merits of the untimely JNOV motion.[6]

## DISPOSITION

The appeal from the restraining order and the order denying the motion for new trial is dismissed. The order denying the motion for judgment notwithstanding the verdict is affirmed. Arriola shall recover any costs on appeal.

STONE, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.

---

[6] Because the JNOV motion, like the new trial motion, was not "valid," the denial of the JNOV motion did not extend the time to appeal from the judgment. (See rule 8.108(d)(1) [only denial of "valid" JNOV motion extends time to appeal from judgment].)

12